DAN W. SHAW v. JOHN B. PECKETT & JOSHUA GERRY.

*Collector.    Taxes.    False Imprisonment.*

The assessment of taxes does not create a debt that can be enforced by suit, or a claim upon which a promise to pay interest can be implied, either before or after a demand has been made for the payment of the tax by the collector.

If a collector arrest a tax-payer, for the purpose of enforcing the payment of interest merely, the arrest will be illegal, and it makes no difference that the tax-payer neglected and refused for some years, after a demand for the payment of the tax was made, to pay the same, and that during the most of the time was out of the state, and had no known property in the state.

TRESPASS for false imprisonment. The defendants filed a special plea, justifying under a tax-bill and warrant. The plaintiff replied and set forth in his replication, that at the time he was

arrested in August, 1851, he handed to the defendant, Gerry, the sum of $13,25, which was the amount of the tax and costs charged by said defendant, and asked to be discharged; but, that said defendant refused to discharge the plaintiff from arrest, and for a long time kept the plaintiff under arrest and imprisoned; the said defendant refusing to set the plaintiff at liberty until he paid the sum of $3,44, claimed by said defendant to be due as interest on the said taxes. The defendants rejoined and set forth, in substance, that the defendant, Gerry, having the tax-bills and warrants, on the first day of June, 1846, demanded the said several sums in said tax-bills due against said Shaw, of him, the said Shaw; that he refused, and ever since has refused and neglected to pay, until the 7th day of August, 1851, when said Shaw having come within the state of Vermont, and having no goods or chattels whereon to make distress, he took the body of the said Shaw, calling to his aid the said Peckett, and held said Shaw about ten hours, until he paid said taxes, costs, and said sum of $3,44, interest, accruing from the time of said demand to the time of said payment, all of which was lawful, &c.

To the rejoinder of the defendants, the plaintiff demurred.

The County Court, January Term, 1854,—Collamer, J., presiding—rendered judgment that the rejoinder is sufficient, and that defendants recover their costs.

Exceptions by plaintiff.

*R. McK. Ormsby* for plaintiff.

The plaintiff's replication alleges, an imprisonment for interest, after paying the tax and costs.

If interest be not chargeable on taxes, then this arrest was a trespass, rendering the arrest a trespass *ab initio.* *Six Carpenter's Case.*

The defendants' rejoinder alleges a demand in 1846, which is in conflict with the allegation in the defendants' pleas, that plaintiff was out of the state; the rejoinder does not confess the allegation of plaintiff in his replication, that plaintiff paid the tax and cost, and was imprisoned on the interest; nor does it traverse that allegation.

The rejoinder is inconsistent with, and supersedes the plea of the defendants.

*J. W. D. Parker* for defendants.

I. By law the state tax is payable into the treasury, on the first day of June, in each year; so is the command in the warrant to the collector. The town tax was also payable on the first day of June, into the town treasury, and so is the warrant. It is the custom, uniformly, and has been practised so long in this state, that the court will recognize the practice, as common law, *that if* the money is not paid by the time limited, interest is to be charged against the collector by the treasurer. We believe this custom is as old as the government, and should be recognised and sanctioned by the court.

II. In the 3 Blackstone's Com. 158, it is said, " Every person " is bound and hath virtually agreed to pay such particular sums " of money as are chargeable on him by the sentence, or assessed " by the interpretation of the law. For it is a part of the origin- " al contract, entered into by all mankind who partake of the ben- " efit of society, to submit, in all points, to the municipal constitu- " tion and local ordinances of that state of which each individual " is a member. Whatever, therefore, the law orders any one to " to pay, that becomes instantly a debt which he beforehand con- " tracted to discharge."

If any man undertakes, and is bound to pay the principal, equally so is he bound to pay the interest, on default after notice and demand. The government and tax-payer may well be considered as the principals in the transaction, and the collector as the agent of both; of the tax-payer to give him notice that he is taxed; of the state, to demand it, and in case of default in the payment, on notice, to collect and pay over the debt, both principal and interest.

III. The collector was compelled to pay over the taxes to the several treasurers, on the first day of June, 1846. The law presumes a public officer has done his duty. Then on principle, money advanced by one man for another's benefit, draws interest from the time of payment, or at all events, from the demand for repayment.

Interest is allowed on two grounds.

1. Because it is promised. 2. Because the creditor is kept out of his money after it is due. The taxes were payable on a day certain; a note payable on a day certain always draws interest

after the day has passed—Where is the difference ? 2 Davis' Abridg. 212 § 2, 3. 1 Amer. Lead. Cases 525, note 4. *Walker* v. *Bradley*, 3 Pick. 291. *Dodge* v. *Perkins*, 9 Pick. 368. *Bernard* v. *Bartholomew*, 22 Pick. 291.

IV. As to the demurrer—The rejoinder must conform to the replication. This is so here, and this is enough. The rejoinder is an answer to the replication; if that is bad, the rejoinder is sufficient for a bad replication, and if they are both bad, the plea is sufficient. *Scott* v. *Dixon*, 2 Wilson 3.

The plaintiff should have new assigned. *Oakley* v. *Davis*, 16 East. 82.

The opinion of the court was delivered by

ISHAM, J. The judgment of the county court in this case must be reversed. The arrest of which the plaintiff complains, is admitted by defendant, Gerry, in this plea, but he justifies the same as collector of taxes. From the facts, which are admitted by the demurrer, it appears that the plaintiff was assessed, in the sum of $11,96, as specified in two several rate-bills and warrants, which were issued and placed in the defendant's hands, as collector; and that for the non-payment of these two taxes the arrest was made.

The legality of the assessments, rate-bills, and warrants, are not disputed, but it is insisted that the arrest was illegal, as the plaintiff handed to defendant, Gerry, the sum of $13,25, being the amount of the taxes and costs, and requested to be discharged, which said defendant refused to do, until the further sum of $3,44 was paid as interest on the taxes. The defendant states as a ground for the recovery of the interest, that he made a demand for the payment of the taxes, on the first day of June, 1846, and that the plaintiff neglected and refused to pay them, until the time of the arrest in August, 1851. The demurrer admits that the arrest was made for the purpose of enforcing the payment of interest merely. The question arises, whether for that purpose, the arrest and commitment was legal.

We are satisfied that the collector had no right to demand and enforce the payment of that interest. The taxes were assessed in 1846, and have remained in the hands of the collector until their payment in 1851. The plaintiff was absent from the state during all the period from the time of the assessment, to the time

of the arrest, and had no property in this state, known to the collector, which could be distrained. There is no provision of the statute authorizing him to collect interest on taxes, of the persons against whom they are assessed, and we perceive no provision which subjects the collector to the payment of interest under such circumstances. The assessment of taxes does not create a debt that can be enforced by suit, or upon which a promise to pay interest can be implied. It is a proceeding purely *in invitum*. The existence of a contract either express or implied, is the ground on which interest is generally allowed. Until the statute for that purpose was passed, an officer having an execution in his hands for collection, could not levy the same on the person or property of the debtor, to enforce the payment of interest on the judgment. There is obviously more propriety in allowing interest to be collected in such cases, by the officer, where the debt arises from the contract of the parties, than in cases of this character.

The justification is deemed insufficient, and the judgment of the County Court must be reversed and the case remanded.