## The City of Philadelphia *versus* Greble
## Same *versus* Hoxie.

38    339
147   538
38         339
28 SC   472

*Liens for Culverting, Power of City to enforce.*

The City of Philadelphia has no legislative authority to enter liens for culverting done within the limits of the old city; nor can the Supreme Court sustain liens entered for that purpose, unless there be express authority by statute.

ERROR to the District Court of *Philadelphia.*

This was a rule entered in the court below, at the instance of D. Greble, to show cause why a lien should not be stricken off which had been filed against his lot, on the north-east corner of Twenty-first and Sansom streets, by the City of Philadelphia, for work done and materials furnished by the city, to wit, for one hundred and eighty-eight feet of culvert in Sansom street, in front of said lot, at seventy-five cents per foot, and amounting to one hundred and forty-one dollars.

A similar rule was entered as to a lien filed for the same cause against a lot of S. K. Hoxie. On hearing, the rules were made absolute by the court, on the ground that no lien could be filed in the old city of Philadelphia for building culverts.

The cases were then removed into this court by the city, where the decree of the court below striking off the liens was assigned for error.

*David W. Sellers,* for plaintiff in error.

*William S. Leech* and *John S. Powell,* for defendants in error.

The opinion of the court was delivered, March 11th 1861, by WOODWARD, J.—It is unfortunate for the city that upon a careful analysis of the legislation touching municipal liens, no authority can be found for her entering liens against the lots of property owners for culverts built along such lots, within the boundaries of the old city. That owners are liable to pay for culverting in front of their property, at the rate of seventy-five cents the foot, is proved by the 8th sect. of the Act of 21st April 1855; that they are not only liable for street paving and laying water-pipes, but that liens may be entered therefor, is provided by the 40th sect. of the Consolidation Act of 2d February 1854; and that the city may enter liens for culverting, when done in what was formerly the outer districts, was demonstrated in City v. Tryon, 11 Casey 401. But collate, compare, and construe the various Acts of Assembly as we may, authority

to enter liens for culverting done within the old city, is not deducible from them.

And can we sustain liens without express legislative authority to enter them? We think not. To argue from the authority to tax the owner, or from the power to enter liens for similar work in the districts, and hence to conclude in favour of entering liens in such cases as the present, is simply to legislate. Liens of this nature are of pure statutory origin, and without a statute there can be no lien.

There may be good reasons for this power having been withheld as to culverts within the old city, or the defect may have been accidental. Whichever it was, the remedy is with the legislature, and until explicit authority be shown, such liens cannot be sustained.

The decree is affirmed.