WHIPPLE, on Habeas Corpus, Petitioner.

No. 853; March 14, 1866.

Payment—Legal Tender Act.—A fine is not a "debt" under the act of Congress making treasury notes a legal tender in payment of debts.

G. F. Sharp for petitioner.

SAWYER, J.—The petitioner, who is in custody under an order directing him to be imprisoned until payment of a fine imposed as a punishment on a conviction under the act to prohibit gaming, seeks to be discharged on habeas corpus. The amount of the fine was tendered in United States treasury notes, and the tender refused on the ground that said notes are not receivable in satisfaction of the fine.

The principle upon which the decision must depend was determined in Perry v. Washburn, 20 Cal. 350. The opinion in that case was written by Chief Justice Field—now a justice of that court with which the jurisdiction to give the act of Congress in question an authoritative construction rests—and was concurred in by all the justices. The court held that taxes are not debts within the meaning of the provisions of the act of Congress making treasury notes a legal tender in payment of "all debts public and private," and say: "A debt is a sum of money due by contract, express or implied. A tax is a charge upon persons or property to raise money for public purposes. It is not founded upon contract; it does not establish the relation of debtor and creditor between the taxpayer and state; it does not draw interest; it is not the subject of attachment; and it is not liable to setoff. It owes its existence to the action of the legislative power, and does not depend for its validity or enforcement upon the individual assent of the taxpayer. It operates in invitum. If authority for the distinction is required, it will be found in the cases of City of Camden v. Allen, 2 Dutch. (26 N. J. L.) 398; Peirce v. City of Boston, 3 Met. (Mass.) 520, and Shaw v. Peckett, 26 Vt. 482."

A fine imposed in invitum as a punishment for an offense in pursuance of statutory provisions answers all these condi-

tions, and appears to us to be as free from any element of a debt in the sense in which that term is used in the act of Congress, and as clearly without the provisions of the act, as a tax: See, also, Dixon v. State of Texas, 2 Tex. 482; McCool v. State, 23 Ind. 130, 131. We also think the fine in question in this case was required by the act of April 4, 1864, "to be paid exclusively in the gold and silver coin of the United States."

The writ must, therefore, be discharged and the prisoner remanded, and it is so ordered.

We concur: Sanderson, J.; Currey, C. J.; Rhodes, J.; Shafter, J.