## The Borough of Mauch Chunk *versus* Shortz.

1. Liens in the nature of mechanics' liens cannot be filed by a municipal corporation to enforce municipal charges unless authorized by statute.
2. Under the General Borough Law of 1851 a borough has power to ordain the construction of common sewers or drains, but cannot file a lien for the expense against the owners of adjoining lots.

March 18th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Carbon county :* No. 317, to January Term 1869.

This was an amicable scire facias, January 5th 1869, on a municipal claim entered October 16th 1868, by the Borough of Mauch Chunk against Abraham Shortz. The claim was for $202 under the Act of April 5th 1861, regulating boroughs, for constructing "a drain or sewer" in front of the defendant's lots "for the purpose of draining and carrying away the filth and refuse from the lots and buildings" of the defendant. Twenty per cent. was added to the claim for default of payment within twenty days.

On the 4th of January 1869, the defendant obtained a rule to strike off the lien, on the ground that there was no legal authority for the entry.

The parties filed a case stated, in which it was agreed that an ordinance had been passed by the borough council, requiring that a drain should be constructed in the public street, that the defendant was notified to construct it along his premises within twenty days, or that the borough would cause it to be done at his expense, adding twenty per cent. to the cost; the defendant refused to construct the drain, and at the expiration of twenty days the work was done by the borough, and the above-mentioned claim for the cost and twenty per cent. penalty was filed. It was agreed that if the court should be of opinion that the borough had authority

[Borough of Mauch Chunk *v.* Shortz.]

to enter the lien, judgment to be entered for the plaintiff for the amount of his claim with interest; if otherwise, judgment to be entered for the defendant.

On the 9th of January 1869, the court made the rule absolute, struck the lien from the record, and entered judgment for the defendant.

On removal of the case to the Supreme Court, thus entering judgment was assigned for error.

*C. Albright,* for the plaintiff in error.—The General Borough Law of April 3d 1851, § 2, Pamph. L. 320 Purd. 117, gives power to borough authorities; Art. 4 to regulate the roads, streets, common sewers, culverts, drains, &c. Art. 5 to require the grading, curbing, paving and guttering of the side or foot walks by the owners of fronting lots. Art. 6 to cause this to be done on failure of lot-owners, charge them with the expense and twenty per cent. and enter a lien for the amount. Art. 7 to make needful regulations respecting cesspools, sinks, drains, drains, &c. Art. 13 to prohibit and remove any nuisance or offensive matter in the highways, or public or private grounds, and require the owners of such ground to remove the same, and in default the corporation to remove it and collect the cost, and advance in the manner before provided for the cost of pavements. Art. 17 to make such other regulations as are necessary for the cleanliness and health of the borough. The intention of a statute is to be gathered from the whole: 1 Kent's Com. 462, 463; Barker *v.* Esty, 19 Vermont 131; Commonwealth *v.* Penna. Ins. Co., 1 Harris 166; Deddrick *v.* Wood, 3 Id. 12; Rex *v.* Loxdale, 1 Burr. 447. The corporation was the proper judge of the best way to remove the nuisance: Foster *v.* Harrisburg, 2 Grant 296; Greensburg *v.* Young, 3 P. F. Smith 280; McGonigle *v.* Allegheny, 8 Wright 121.

*E. J. Fox,* for the defendant in error.—A lien cannot be entered without statutory authority: Philadelphia *v.* Greble, 2 Wright 339; Lipps *v.* Philadelphia, Id. 505; Philadelphia *v.* Tryon, 11 Casey 402.

The opinion of the court was delivered, March 25th 1869, by

THOMPSON, C. J.—It hardly needs authority to sustain the position taken by the counsel for the defendant in error, that liens in the nature of mechanics' liens, cannot lawfully be filed by a municipal corporation to enforce the payment of municipal charges, unless authorized by statute. But if it be thought to be needed by anybody, The City of Philadelphia *v.* Greble, 2 Wright 339, will suffice for that purpose.

The difficulty in this case is the want of authority to file a lien

[Borough of Mauch Chunk *v.* Shortz.]

for this kind of work. It is called a drain, but is more properly a sewer. The borough had the right to lay out and ordain the construction of common sewers or drains, under the Act of 1851, but whether at the expense of the property owners fronting it, we are not asked to say. Our question is, whether the borough could file a lien against the defendant where property fronted on the drain or sewer in question for his *pro rata* of the expense. That there was no authority for this we are quite certain. The matters which are the subjects of liens by the borough against the owners of adjoining ground are enumerated in Art. 5 of § 2 of the Act of 1851, the General Borough Act. They are for "grading, curbing, paving and guttering of the side or foot walks." The work in question is not within any of the works enumerated, and consequently not the subject of the lien. "*Expressio unius, est exclusio alterius.*" The judgment of the court on the case stated, being in our opinion right, it is affirmed.