## McKeesport Borough v. Fidler, Appellant.

[Marked to be reported.]

*Sewer assessments—Tax.*

An assessment by a municipality for the cost of building a sewer is a tax: Olive Cemetery Co. v. Phila., 93 Pa. 129; Erie v. Church, 105 Pa. 278.

*Collection of sewer assessments—Statutory authority.*

A sewer assessment, being a tax, cannot be collected as an ordinary debt by a common law action, unless such remedy is given by statute: Lane Co. v. Oregon, 7 Wall. 71.

*Boroughs—Assessments—Assumpsit—Act of May 24, 1874.*

The act of May 24, 1874, P. L. 479, incorporating McKeesport Borough gave to the borough council the right to construct sewers, and to make assessments upon the properties benefited, and provided that the assess-

ment " shall be a lien upon the property upon which it shall be made, and, after public notice, if not paid within thirty days, the amount of said assessment, with five per cent added thereto, shall be collected by the solicitor of said borough." *Held*, that the act did not authorize the collection of the assessment by an action of assumpsit.

*Lien—Right to file.*

A borough has no authority to file a lien for a sewer assessment where the statute simply directs that the assessment shall be a lien on the property, but gives no specific right to file it.

*Constitutional law—Due course of law—Art, IX, secs. 9, 11 of constitution.*

*Not decided* whether the act of May 24, 1874, incorporating McKeesport Borough, by failing to provide for notice of sewer assessment, or a hearing before any tribunal, violates article IX, secs. 9 and 11 of the constitution, prohibiting the taking of property without due course of law.

Argued Nov. 2, 1891.   Appeal, No. 218, Oct. T., 1891, by defendant, from order of C. P. No. 2, Allegheny Co., April T., 1891, No. 921, making absolute a rule for judgment for want of a sufficient affidavit of defence.   Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

Assumpsit by McKeesport Borough against Eliza Fidler, to recover an assessment for the cost of constructing a sewer. The plaintiff's statement averred that under an ordinance approved August 28, 1889, a brick sewer was constructed on Speelman alley and Fifth avenue in the borough of McKeesport; that after the completion of the sewer three disinterested viewers, appointed by the council of the borough, made an assessment upon all the property of the borough which seemed to them to be benefited by the construction of the sewer.   That an assessment of $415.63 was made against defendant's property, and that the defendant, although properly notified, refused to pay the same.

The defendant filed an affidavit of defence in which she averred (1) that she is a married woman, and that her husband was not joined; (2) that neither the action of assumpsit nor any other action can be sustained against her; (3) that she did not sign the petition for the sewer; that it did not touch her property, and that her property was not benefited by it; (4) that she never received any notice of the appointment of viewers, or of the assessment until called on for payment; (5) that the property was of a rural character, and was assessed

at the same rate as other properties which were much more benefited; (6) that sec. 14, of the act of May 24, 1873, is incomplete and imperfect in that the remedial part of the act is omitted, and no remedy for the recovery of the assessments being provided in the act, they cannot be collected by an action of assumpsit; (7) that the said section is unconstitutional and void, because it violates the bill of rights, in that it gives no right of appeal to the court by parties against whose property assessments are made, and does not require the viewers to give a day of hearing to parties assessed with the cost of sewers made under said act.

In a supplemental affidavit of defence the defendant averred that the action was not brought until more than six months after the sewer was completed.

WHITE, J., filed the following opinion:

We will notice the several grounds of defence in their order.

1. That the defendant is a married woman and her husband is not joined. But this is a proceeding to collect an assessment upon her separate real estate, in the nature of a proceeding in rem, in which her husband need not be joined.

2. That neither the action of assumpsit nor any other action can be sustained against her. The 14th section of the act makes the assessment a lien upon the property and provides that if not paid within 30 days after the approval by council, "the amount of said assessment, with 5 per cent added thereto, shall be collected by the solicitor of said borough," etc. No mode of collection is provided. The act does not provide for filing up a lien against the property. As the act provides that the assessment shall be collected and provides no specific mode, it must be collected by a common law action, formerly by debt, now by assumpsit, under the procedure act of 1887.

3. That defendant did not sign the petition for the sewer, it does not touch her property, and her property is not benefited by it. The act does not require her consent, and does not limit assessment to properties abutting on the street where the sewer is constructed. Her statement that her property is not benefited by the sewer is a mere opinion, and should not avail against the oath of the three appraisers who report that it is benefited.

4. That she never received any notice of the appointment of viewers or of the assessment until called on for payment. The affidavit of claim shows that the notice required by the act was duly given.

5. That the property is of a rural character and was assessed at the rate of 3½ mills per square foot, as much as other properties benefited much more. This is also a mere opinion. The viewers assessed according to benefits, and not by the square foot, or the foot front. The rate stated is an estimate or calculation made by the affiant, and is not the rule or measure stated by the viewers in their report. The rate stated is only the rate per square foot of a narrow strip in front of the defendant's property. It may well be that the property as a whole is benefited, which would greatly reduce the rate.

6. That the act provides no mode of collection. This is sufficiently answered in the answer to the second reason above.

7. That the 14th section of the act is unconstitutional, because it provides for no appeal, etc. The sewer act of Pittsburgh, which did not provide for any notice to property holders or any appeal, was sustained by the Supreme Court. Comm. v. Woods, 44 Pa. 113.

8. That the action was not brought until more than six months after the sewer was completed. The action was brought April 4, 1891, and it is claimed the work was completed May 6, 1890. The act makes the assessment a lien, without a filing in court, and does not limit its duration. In this respect it is quite different from ordinary municipal liens. The indulgence of the borough, in giving the defendant eleven months to pay, instead of six, before suing, hardly constitutes a good ground of defence.

Rule for judgment is made absolute.

*Error assigned* was the order of court making absolute the rule for judgment.

*John E. Kuhn*, for appellant.—A sewer assessment is a tax : Olive Cemetery Company v. Philadelphia, 93 Pa. 129 ; City of Erie v. Church, 105 Pa. 278, and therefore cannot be collected by suit in court : Philadelphia Association v. Wood, 39 Pa. 73. The assessment of a tax does not create a debt that

can be enforced by a suit in court. It is not founded in contract or agreement: Shaw v. Peckett, 26 Vt. 482; Camden v. Allen, 26 N. J. L. 398; Crapo v. Stetson, 8 Met. 393; Lane County v. Oregon, 7 Wall. 71; Meriwether v. Garrett, 102 U. S. 472.

The action cannot be maintained because the defendant was not personally liable to pay the claim sued on: Council v. Moyamensing, 2 Pa. 224; Neill v. Lacy et al., 110 Pa. 294. Acts authorizing municipal liens do not create personal liability: Council v. Moyamensing, 2 Pa. 224; Delaney v. Gault, 30 Pa. 63; Emrick v. Dickson, 92 Pa. 78; Wolf v. Philadelphia, 105 Pa. 25. The uniform practice in this state, in the collection of municipal liens, has been to proceed in the same manner as in case of mechanics' liens or mortgages: Council v. Moyamensing, 2 Pa. 224; Schenley v. Com., 36 Pa. 29. An action of debt will not lie upon a mortgage, which contains no express covenant to pay, because it creates no personal liability: Scott v. Fields, 7 Watts, 360; Fidelity Ins. and Trust Co. v. Miller, 89 Pa. 26; and this court decided in Philadelphia v. Greble, 38 Pa. 339, and in Borough of Mauch Chunk v. Shortz, 61 Pa. 399, that it could not sustain a municipal lien entered in court without statutory authority.

The fact that the legislature only has the p wer under the constitution to impose the burden of local improvements upon the property of those immediately benefited thereby, shows conclusively that no mode of collection ought to be sustained by this court, unless authorized by statute: Creighton v. Manson, 27 Cal. 613; Taylor v. Palmer, 31 Cal. 240; St. Louis v. Allen, 53 Mo. 44; Craw v. Tolono, 96 Ill. 255.

The lien of the assessment, not being limited in its duration by the act creating it, would be limited by said act of April 16, 1845, which is general in its provisions: Schenley v. Com., 36 Pa. 50; Kaiser v. Weise, 85 Pa. 366; Pittsburgh v. Knowlson, 92 Pa. 116; Borough of Youngsville v. Siggins, 110 Pa. 291; Anspach & Stanton's Appeal, 112 Pa. 27.

Defendant was entitled to notice and a hearing by the assessors appointed by councils to assess the cost of the sewer: Watson v. Borough of Sewickley, 91 Pa. 330; Philadelphia v. Miller, 49 Pa. 449.

The fourteenth section of said act of May 24, 1873, is un-

constitutional and in conflict with article 9, section 9, of the constitution of Pennsylvania, and also section 11: Stuart v. Palmer, 74 N. Y. 183; Brown v. Hummel, 6 Pa. 86; Ervine's Ap., 16 Pa. 256; Craig v. Kline, 65 Pa. 413; Fetter v. Wilt, 46 Pa. 460.

*W. B. Rodgers, R. C. Rankin* with him, for appellee.—The legislature intended that these assessments should be collected, because the act provides that they " shall be collected by the solicitor of said borough and by him deposited with the treasurer of said borough." There is no right given to file a lien, therefore the collection was to be by a common law action: Cooley on Taxation, page 300. Dillon's Municipal Corporations, sec. 815.

OPINION BY MR. JUSTICE GREEN, March 21, 1892.

The action in this case is the ordinary action of assumpsit brought by the borough of McKeesport against Eliza Fidler. In the statement of the plaintiff's cause of action, it is claimed to recover the amount of an assessment made by viewers upon certain real estate of the defendant within the limits of the borough, for the cost of building a sewer upon a certain street and alley in said borough. The affidavit of defence alleges that the sewer was not built along any part of her property, but that her property is half a mile away from it, and that she had no notice of the appointment of viewers, nor of any hearing before them. The action is the mere personal action of assumpsit, in which a personal judgment is sought to be recovered against the defendant. Of course, the cause of action is not founded upon any relation of contract, express or implied, between the parties, and the question is, whether there can be a recovery of a personal judgment against the defendant upon the facts set forth in the plaintiff's statement as affected by the defendant's affidavit.

There can certainly be no recovery in such a case without a clear legislative authority. The defendant had no hearing before any tribunal, and had no opportunity to make any defence whatever to the claim of the plaintiff. The affidavit of defence alleges that the first notice she received was a demand upon her for the payment of the assessment. Passing by the constitutional question as to the validity of the act under which

the assessment was made, let us inquire whether the act does confer a right of recovery in this form of action against the defendant personally.

The act under which the assessment was made is an act passed May 24, 1874, P. L. 379, and is a supplement to the several acts incorporating the borough of McKeesport. The 14th section is the one upon which the right of recovery is based. An examination of it shows that it confers power upon the council of the borough to cause sewers to be constructed in the streets and alleys of the borough, and it authorizes the council to make an assessment upon all property in the borough which may seem to be benefited thereby, fairly and equitably in proportion to the benefits received; that the assessments shall be made by three disinterested persons to be appointed by council, and that " when said assessment has been approved by said council it shall be a lien upon the property upon which it shall be made, and, after public notice through the borough paper, if not paid within thirty days after the said approval, the amount of said assessment, with five per cent added thereto, shall be collected by the solicitor of said borough, and by him deposited with the treasurer of said borough."

It is immediately apparent that no right to file any municipal lien against the property, for the amount of the assessment, is conferred by the act, and on that subject the case comes directly within the operation of two of the decisions of this court, in both of which it was held that liens in the nature of mechanics' liens cannot lawfully be filed by a municipal corporation to enforce the payment of municipal charges unless authorized by statute : Phila. v. Greble, 38 Pa. 339; Mauch Chunk v. Shortz, 61 Pa. 399.

The question then recurs, is any right to recover in a personal action against the owner conferred by the act. It cannot be questioned that, under a number of our decisions, the assessment is a tax : Olive Cemetery Co. v. Phila., 93 Pa. 129; Erie v. Church, 105 Pa. 278.

In Emrick v. Dicken, 92 Pa. 78, we said: " A municipal lien for street improvements is a proceeding in rem. It is filed against the abutting or adjacent property, and involves no personal liability on the part of the owner." In Neill v. Lacy, 110 Pa. 294, we held that unseated lands are alone liable for

taxes assessed thereon ; there is no personal responsibility upon the owner thereof.   In Council v. Moyamensing, 2 Pa. 224, we held, that the lien for curbing, etc., given to the districts, is not limited by the act for limitations of personal actions, there being no personal liability therefor.

Recurring to the 14th section of the act of 1874, we find that it simply directs that the assessment shall be a lien on the property, but gives no right to file a claim of lien, or to prosecute the lien, or any lien, by any form of action, and it imposes no personal liability of any kind upon the owner.   It contemplates only a liability of the property, but omits to give any remedy for enforcing it against the property.   No right to maintain any action against the owner is given, and hence there is no personal liability of any kind created by the act. When it directs that the amount shall be collected by the solicitor of the boroughs, no method of collection by an involuntary proceeding is prescribed.   This part of the act implies nothing more than that he shall collect it out of the property, but it gives no means of doing even that.   In no aspect of the act is any remedy by a personal action against the owner provided.

Nor does it help the case to say that the assessment is to be treated as a sum of money due, and is directly to be collected, and is therefore to be regarded as a debt which can be recovered as ordinary debts are recovered.   Being a tax, the assessment cannot be collected as an ordinary debt by a common law action, unless such remedy is given by statute.   This view was fully adopted by the Supreme Court of the United States in the case of Lane Co. v. Oregon, 7 Wall. 71, in which explicit approval is given to various decisions of state courts, cited in the opinion, which hold that assessments of taxes do not create debts which can be enforced by suit.

The case of Shaw v. Pickett, 26 Vt. 482, is one of those in which the Supreme Court of Vermont said: " The assessment of taxes does not create a debt that can be enforced by suit, or upon which a promise to pay interest can be implied.   It is a proceeding in invitum."   Another of the cases cited was City of Camden v. Allen, 26 N. J. 398 (2 Dutcher).   It was an action of debt to recover a tax brought by the municipality to which it was due.   The Supreme Court of New Jersey said :·

" A tax, in its essential characteristics, is not a debt, nor in the nature of a debt. A tax is an impost levied by authority of government upon its citizens or subjects for the support of the state. It is not founded on contract or agreement. It operates in invitum. A debt is a sum of money due by certain and expressed agreement. It originates in and is founded upon contracts express or implied."

In the case of Crapo v. Stetson, 8 Metc. 393, the Supreme Court of Massachusetts said: " The validity of the tax, and the liability of the defendant to be assessed therefor, have been settled by the jury in favor of the plaintiff; and the remaining question is, whether, although thus liable to be assessed, an action of assumpsit will lie in the name of the collector of taxes, to recover the amount of the tax of the defendant. It is well settled that the law gives no remedy for the collection of taxes other than those provided by statute; and unless the mode now sought to be enforced is given by statute, it does not exist." It was held the tax could not be recovered.

In view of the various authorities referred to, and of the underlying principle involved, we feel constrained to hold that the present action of assumpsit cannot be maintained.

Judgment reversed.