# Ebensburg Borough *v.* Little, Appellant.

*Road law—Paving—Act of April 23, 1889, P. L. 44.*

Where the owners of two-thirds of the property on a borough street of irregular width as to its cartway, petition the borough council, under the act of April 23, 1889, to curb and pave the street, two-thirds of the costs to be paid by the owners, and one-third by the borough, owners of property abutting on the portion of the street where the cartway was narrow, cannot complain that the assessment was made according to the foot-front rule. In such a case the parties are estopped from asserting that either the act of April 23, 1889, was unconstitutional or that the mode of assessment adopted was invalid.

Argued, May 1, 1905.   Appeal, No. 209, April T., 1905, by defendant, from judgment of C. P. Cambria Co., March T., 1904, No. 340, for plaintiff on case stated in suit of Ebensburg Borough v. P. J. Little.   Before RICE, P. J., BEAVER, OR-LADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Case stated to determine liability for the cost of paving street.   Before KOOSER, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Harvey Roland,* for appellant.—To prevent injustice and oppression, it is imperative that the council adopt such general rule of apportionment as will produce uniformity.   In this case such uniformity can only be attained by dividing the street into three taxing districts, and by collecting from the abutting property owners along the improvement the one-third of the cost and expense of the improvement in each district: Hammett v. Philadelphia, 65 Pa. 146 ; Alcorn v. Philadelphia, 112 Pa. 494; Philadelphia v. Yewdall, 190 Pa. 412; Slocum v. Philadelphia, 11 W. N. C. 167 ; Philadelphia v. Evans, 139 Pa. 483 ; Orphan Asylum's App., 111 Pa. 135 ; Bradford v. City of Pontiac, 165 Ill. 612 (46 N. E. Repr. 794) ; Findlay v. Frey, 51 Ohio, 390 (38 N. E. Repr. 114) ; Barker v. Southern Construction Co., 47 S. W. Repr. 608 ; Haley v. City of Alton, 152 Ill. 113 (38 N. E. Repr. 750).

*Alvin Evans*, with him *John E. Evans*, for appellee, cited: Witman v. Reading, 169 Pa. 375; Com. v. Beaver Borough, 171 Pa. 542.

OPINION BY PORTER J., July 13, 1905:

The printed arguments of counsel have taken a wide range, but in the consideration of this appeal we cannot go outside of the facts which appear from the case stated, and the petition, ordinance and plan, thereto attached. The defendant and a number of other persons, being " two thirds of the owners of property representing not less than two thirds in number of feet of the properties fronting or abutting on the part of the street proposed to be paved," presented a petition to the council of the plaintiff borough praying that Centre street be curbed and paved " from a point on the south where the same intersects the borough and Cambria Township line to a point on the north where the same intersects Horner street ; " and that the cost and expense incident to the curbing and paving of said street be assessed and paid as follows : " One third by the property owners abutting on the east side of the said street, one third by the property owners abutting on the west side of the said street and the other one third by the said borough of Ebensburg, the same to be assessed and collected according to law." The borough authorities, on April 7, 1903, duly passed an ordinance, reciting the petition aforesaid, and ordaining that the part of the street indicated by the petition be curbed and paved and " That the cost thereof shall be assessed upon the abutting property adjoining or adjacent to that part of said Centre street to be improved as aforesaid, as follows : two thirds thereof from the owners of the real estate bounding or abutting thereon by an equal assessment on the feet front bounding or abutting on that part of said street, and the remaining one third of the cost shall be paid by the said borough of Ebensburg." The ordinance further provided that the assessment should be collected in the way and manner provided for under the act of assembly approved April 23, 1889, P. L. 44. The borough proceeded to do the work called for by the ordinance; the curbing was set for the entire length of that part of the street to be improved, provision being made for intersecting streets and alleys, and the cartway was paved from curb to curb. The street, from

building line to building line, is sixty feet wide ; for two squares at the south end of the street the curb on each side is fifteen feet from the building line, for three squares at the middle part of the improvement the curb is ten feet from the building line, and for two squares at the north end of the improvement the curb is again fifteen feet from the building line ; so that for three squares at the middle part of the improvement the cartway as paved and curbed is forty feet wide, while for two squares at each end it is thirty feet wide.    The property of the defendant abuts upon the improvement near the north end thereof, and the curbed and paved cartway in front of it is thirty feet wide.    One third of the cost and expense of the improvement was provided for out of the borough treasury, and the borough seeks to collect the other two thirds from the owners of real estate abutting on the improvement.    The municipal officer authorized to make the assessment, under the provisions of the act of 1889, made, in the language of the case stated, " a uniform assessment, upon the abutting feet front, without any allowance or difference as between the properties abutting where the street (cartway) is of the width of thirty feet and where the properties are abutting on that part of the street which is the width of forty feet."    " The assessment laid on defendant's lot . . . . is $3.37536 per lineal foot, that being the uniform and equal assessment on the feet front against each of the several property owners bounding or abutting on said Centre street, and one third of the whole cost of said improvement, and the lot of defendant having a frontage of 132 feet, the total amount of the assessment thus ascertained against him is $445.55."    The plan accompanying the petition and ordinance shows that the property frontage on the east side of the street was precisely the same as that on the west side ; so that if the borough paid one third of the cost and the other two thirds was to be collected from abutting property, by an assessment according to the foot-front rule, one third would be assessed against the property on the west side of the street and one third against the property on the east side of the street, which is precisely what the appellant and his associates had prayed for in their petition to council.

The appellant contends that for the purpose of making this assessment the improvement should have been divided into

three sections; and the cost of the two squares of the street at the south end thereof, where the cartway was thirty feet wide should have been assessed upon the property which abutted upon that part; the cost of paving and curbing the three squares at the middle of the improvement, where the cartway was forty feet wide should have been assessed against the property which abutted upon that part of the improvement, and the cost of the two squares at the north end, where the cartway was again thirty feet wide, should have been assessed upon the property which abutted upon that part of the street. This position cannot be sustained, the authority of the borough to make the improvement and assess two thirds of the cost upon abutting property was founded upon the petition of the appellant and his associates, which determined the extent and fixed the limits of the improvement, and the borough authorities were without jurisdiction to divide it up into fragments for the purpose of making the assessment. No assessment can be made, nor lien filed, to enforce the payment of municipal charges unless in the manner authorized by statute: Philadelphia v. Greble, 38 Pa. 339; Mauch Chunk v. Shortz, 61 Pa. 399; McKeesport Borough v. Fidler, 147 Pa. 532. This proceeding had its inception in the petition of the appellant and his associates to council; if the petitioners had desired to have the improvement made upon the basis of liability according to benefits they might have proceeded under the Act of May 16, 1891, P. L. 75, under which, if property was to be assessed for benefits, every element arising out of the character and peculiarities of the street and the nature and situation of the property could properly be considered, and every person assessed could have had the privilege of a jury trial. The petitioners saw fit to invoke the provisions of the Act of April 23, 1889 P. L. 44, under which they were certain to escape liability for one third of the cost of the improvement, which must be paid by the borough, and which specifically provides for the manner in which the other two thirds shall be collected, " by an equal assessment on the feet front bounding or abutting " on the part of the street proposed to be paved. This was an election by the petitioners to proceed under the act of 1889, and that the assessment upon the properties, when made, should be in accordance with the terms of that statute, and vested the

borough authorities with jurisdiction to order the improvement to be made, and assess two thirds the cost thereof upon the abutting property according to the foot-front rule : Hand v. Fellows, 148 Pa. 456.   The paving and curbing referred to by the act of 1889 manifestly refers to the paving of the cartway and the setting of the curb upon the line which divides that part of the street from the part at the side, which may be devoted to footwalks, parking or to purposes of ornament.   The determination of the location of the curb-line is for the borough and not the petitioners.   The borough had authority to establish the curb-line and to regulate the side or footwalks, Act of April 3, 1851, P. L. 320 sec. 1, and it had power to make reasonable regulations, for purposes of necessity, ornament or convenience, with regard to the use of that part of the street between the curb and the building line : Commonwealth v. Beaver Borough, 171 Pa. 542.   The petitioners are presumed to have known, when they presented their petition, that the curbing and paving for which they asked must be subject to the power of the borough to establish the curb-line; if the curb-line had already been established they were visited with knowledge of that fact, and if it had not been established, they are presumed to have known that the curbing of the street which they asked for would involve the exercise of the power of the borough to establish the curb-line.   The case stated is silent as to whether a curb-line ever was established, and, in the absence of any allegation to the contrary, the presumption arises that the proceedings of the borough authorities were regular, and that the curbing was placed upon the established curb-line.   We have, therefore, only this question : is the assessment according to the foot-front rule invalid, because the cartway as lawfully curbed and paved is not of the same width upon every part of the street ?

The defendant having signed the petition which clearly meant that one third of the cost of the improvement should be paid by the borough and the other two thirds by assessments upon abutting property according to frontage upon the improvement, as authorized by the act of April 23, 1889, and said petition having induced the municipal action and the expenditure of the money of the borough, he is estopped to assert either that the act is unconstitutional, or that the mode

of assessment thus adopted is invalid : Bidwell v. Pittsburg, 85 Pa. 412 ; McKnight v. Pittsburg, 91 Pa. 273 ; Dewhurst v. Allegheny, 95 Pa. 437 ; Ferson's Appeal, 96 Pa. 140.    The appellant must accept the consequences of the application of the rule which he invoked and the assessment must be made according to the foot-front rule, which requires that the assessment be equal and uniform, according to frontage, upon the properties assessable : Scranton v. Levers, 200 Pa. 56.    The borough authorities were vested with jurisdiction to assess the premises, in the mode provided by the act of 1889; and there being no allegation of fraud, or defects in the work, or mistake in computation of the frontage, the assessment made by the authorized officer was conclusive : Scranton v. Koehler, 200 Pa. 126.

The judgment is affirmed.