Crew, J.
The defendant in error, Charles D. Parkinson, as treasurer of Holmes county, Ohio, commenced a civil action in the court of common pleas of said Piolines county against the plaintiff in error, Emil A. Peter,, to enforce the collection of certain unpaid personal taxes which then stood charged upon the tax duplicate of said county against the said Emil A. Peter. The suit was brought under favor of Section 2859, Bates’ Revised Statutes (Section 5697, General Code), which section provides as follows: “When any personal taxes, heretofore or herfeafter levied, shall stand charged against any person, and the same' shall not be paid within the time prescribed by law for the payment of such taxes, the treasurer of such county, in addition to any other remedy provided by law for the collection of such personal taxes, is hereby specially authorized and empowered to enforce the collection by a civil action in the name of the treasurer of such county against *45 such person for the recovery of such unpaid taxes; and it shall be sufficient, having made proper parties to the suit, for such treasurer to allege in his bill of particulars or petition that the said taxes stand charged upon the said duplicate of said county against such person, that the same are due and unpaid, and that such person is indebted in the amount appearing to be due on said duplicate, and such treasurer shall not be required to set forth in his petition any other or further special matter relating thereto, and said tax duplicate shall be received as prima facie evidence on the trial of said suit of the amount and validity of such taxes appearing due and unpaid thereon, and of the non-payment of the same, without setting forth-in his bill of particulars or petition any other or further special matter relating thereto; and if, on the trial of the action, it shall be found that such person is so indebted, judgment shall be rendered in favor of such treasurer so prosecuting such action as in other cases-; and the judgment debtor shall not be. entitled to the benefit of the laws for stay of execution or exemption of homestead, or any other property, from levy or sale on execution in the enforcement of any such judgment.” This statute in express terms confers upon the county treasurer, in addition to any other remedy providéd by law, authority to enforce the collection of unpaid personal taxes by civil action against the person in whose name such taxes stand charged upon the duplicate, and the legislature has not by statute, or in any wise, delegated to or conferred upon any other officer, board or person *46 the right to so enforce or collect the same, the right of the treasurer in this behalf -is therefore exclusive. The treasurer then having the sole and exclusive right to bring such action, and it being his duty to bring it, by what authority did the board of county commissioners intervene and compromise and settle said cause without the treasurer’s consent and against his protest? It' is claimed by counsel for plaintiff in error that' authority to make such settlement was and is conferred upon the board of commissioners by Section 855, Bates’ Revised Statutes (Section 2416, General Code), which section provides as follows: “The board shall have power to compound for or' release, in whole or in part, any debt, judgment, fine or amercement due to the county, and for the use thereof, except in case where it, or either of' its members, is personally interested; and when the commissioners compound for or release, in whole or in part, any debt, judgment, fine, or amercement, they shall enter upon their journal a statement of the facts in the case, and the reasons that governed them, in making such release or composition.” That taxes are not embraced in either of the descriptive terms “fine” or “amercement” employed in the above statute is at once obvious, and is "admitted, and we think it equally clear that although the assessment of the tax and its entry or charge upon the duplicate, may, for the purposes of statutory collection, as definitely and conclusively establish the right of the treasurer to demand such tax as would a judgment,yet such assessment and charge do not in a *47 technical, or in any proper sense, constitute a' judgment. A judgment is the judicial determination or sentence of a court rendered in a cause within its jurisdiction; and such is the common acceptation and meaning of the term, and it is in this sense, we think, and in this sense only, that the word judgment is used in the foregoing section. In the further consideration of this statute it remains then only to inquire whether or not within its meaning and intent a tax may be considered as a debt, and this also we think must be answered in the negative. In City of Camden v. Allen, 2 Dutcher’s Reports (New Jersey), 398, Chief Justice Green says: “A tax, in its essential characteristics, is not a debt, nor in the nature of a debt. A tax is an impost levied by authority of government, upon its citizens or subjects, for the support of the state. It is not founded on contract or agreement. It operates in invitum. Peirce v. City of Boston, 3 Metc., 520. A debt is a sum of money due by certain and express agreement. It originates in, and is founded upon contract express or implied.” In Perry v. Washburn, 20 Cal., 318, Field, C. J., in discussing the provision of the act of congress making United States notes “a legal tender in payment of all debts public and private,” says: “Taxes are not debts within the meaning of this provision. A debt is a sum of money due by contract, express or implied. A tax is a charge upon persons or property to raise money for public purposes. It is not founded upon contract; it does not establish the relation of debtor and creditor between the *48 taxpayer and state; it does not draw interest; it is not the subject of attachment; and it is not liable to set-off. It owes its existence to the action of the legislative power, and does not depend for its validity or enforcement upon the individual assent of the taxpayer. It operates in invitum. If authority for the distinction is required, it will be found in the cases of City of Camden v. Allen, (2 Dutcher’s New Jersey R., 398); Peirce v. City of Boston, (3 Met, 520); and Shaw v. Peckett, (26 Vt., 482).” In Anderson’s Dictionary of Law a tax is defined to be: “A charge, a pecuniary burden, for the support of government. A charge or burden for which the state may make requisition in a prescribed mode. A tax is not a ‘debt,’ that is, an obligation for the payment of money founded upon contract. It is an impost levied for the support of the government, or for some special purpose authorized by it. The consent of the taxpayer is not necessary to its enforcement: it operates in invitum. The form of procedure to collect, as, an action of debt, does not change its character.” Other authorities which hold that a tax is not a debt are: Lane County v. Oregon, 7 Wall., 71; Meriwether v. Garrett, 102 U. S., 472; City of Augusta v. North, 57 Maine, 392; and 1 Cooley on Taxation (3 ed.), page 17. In the light of these authorities it seems clear that under no proper interpretation of Section 855, can its provisions be so extended as to include taxes within the term debt, and hence, a tax being neither a debt, judgment, fine nor amercement, no authority is conferred upon the board of county *49 commissioners by the provisions of said section to compound, release, or settle the same. Nor is any such authority vested in the board by Section 845, Revised Statutes, which prescribes and defines the general powers and duties of county commissioners.
Some reliance seems to be placed by counsel for plaintiff in error upon Section 1038, Revised Statutes,- which- authorizes the' correction of errors on tax list and duplicate by the county auditor, and empowers the board of county commissioners, under certain circumstances, to order refunded taxes that have been erroneously charged and collected. But neither by this statute nor by any other, is the board of county commissioners empowered to settle, remit, or release, either in whole, or in part, taxes that stand charged upon the duplicate and are unpaid. While in a sense the board of commissioners is the representative and financial agent of the county, its authority is limited to the exercise of such powers only as are conferred upon it by law. As said by this court in the first paragraph of the syllabus in Jones, Auditor, v. Commissioners of Lucas County, 57 Ohio St., 189: “The board of county commissioners represents the county in respect to its financial affairs, only so far as authority is given to it by statute.”
Another, and perhaps sufficient reason why the county commissioners could not rightfully settle or remit the taxes sued for in this case is that such taxes were not wholly due to, nor were they wholly levied for, the use of Holmes county, but *50 there was included therein as well, state, township, municipal, and other taxes.
Without stopping to consider or. discuss the irregularity of the mode of procedure adopted by the trial court in this case, we think it sufficient to say, that for the reasons already stated, the judgment of the court of common pleas was unauthorized and erroneous and the same was properly reversed by the circuit court.

Judgment affirmed.

Summers, C. J., Spear, Davis, Shauck and Price, JJ., concur.