Borough of Rockwood *v.* Hemminger, Appellant.

Argued April 12, 1932.

224

,Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM,
BALDRIGE, STADTFELD and PARKER, JJ.

*Joseph Levy,* and with him *Frank R. Coder,* for
appellant.—Assessments for street paving are a
species of taxation: Hammett v. Philadelphia, 65 Pa.
146; Harrisburg v. McPherran, 14 Pa. Superior Ct.
473; Witman v. Reading, 169 Pa. 375.

*Budd B. Boose,* for appellee.—The foot front rule of
assessment has its foundation not in uniformity of
value, but in uniformity of benefit: Evensburg Bor-
ough v. Little, 28 Pa. Superior Ct. 469; Scranton v.
Koehler, 200 Pa. 126.

OPINION BY CUNNINGHAM, J., July 14, 1932:
The important question arising under this appeal is
primarily one of law and involves the legality of a
municipal assessment for street improvements, which
the plaintiff borough is endeavoring to enforce against
the defendant property owner. No facts are in dis-
pute and the appeal comes before us in the form of
a statement of the case filed under our Rule 56.
In 1923, the requisite number of owners of properties

abutting upon that portion of Market Street in the Borough of Rockwood, Somerset County, which extends north from Coxe's Creek for a distance of approximately 1725 feet to Somerset Avenue petitioned the borough council to adopt an ordinance authorizing its grading, curbing and paving. This petition was not signed by Annie C. Hemminger, the appellant herein. The ordinance, duly adopted and approved, was entitled: "An ordinance authorizing and requiring the grading, curbing and paving of Market Street, in the Borough of Rockwood, between the north side of Coxe's Creek and the north side of Somerset Avenue; and making an appropriation for the payment of the same."

Proceeding north from the bridge over Coxe's Creek, there are three intervening cross streets before Somerset Avenue is reached: Main Street, about 250 feet north of the creek; Broadway Street, 325 feet north of Main; Grandview Street, approximately 750 feet north of Broadway and 400 feet south of Somerset Avenue. Between the creek and Grandview Street, a distance of approximately 1350 feet, Market Street is 100 feet in width between building lines and from Grandview Street to Somerset Avenue only 50 feet in width.

A contract was awarded under which the contractor undertook "to grade, pave and curb Market Street between the bridge over Coxe's Creek to Somerset Avenue in Rockwood Borough, according to the plans and specifications therefor." Only two unit prices were specified in the contract: (a) "Grading per cu. yd. $2.00" and (b) "Concrete per sq. yd. $3.58."

By direction of the municipality, the first block northward between the creek and Main Street, approximately 250 feet in length and passing through a business district, was graded and paved the full width of the cartway—60 feet—and curbs were constructed along the sidewalks. In the next block northward, be-

tween Main and Broadway Streets, a distance of 325 feet and passing through a residential section, the street was graded, curbed and paved to a width of 20 feet on each side, leaving an open space of 20 feet unpaved in the middle of the street. From Broadway north to Grandview, a distance of about 750 feet, Market Street is still 100 feet wide, but the only paving done was of a strip 18 feet wide in the middle of the cartway and no curbs were installed in this block. From Grandview Street to Somerset Avenue, Market Street is only 50 feet in width and the 18 foot strip of paving was continued along the middle of Market through the block from Grandview to Somerset Avenue, a distance of about 400 feet, but no curbs were constructed in this block.

Speaking generally, the cartway of Market was fully graded and paved from Coxe's Creek to Broadway and curbs were installed along these two short blocks of the improvement, but from Broadway Street to Somerset Avenue the only paving done was a strip 18 feet wide in the middle of the cartway and no curbs were installed along these two blocks aggregating more than 1100 feet in length.

The property of appellant is located on the northeast corner of Grandview and Market Streets, fronting 130 feet on Market. Although no curbing was constructed in front of, or across the street from, her property nor along any part of Market north of Broadway (750 feet to the south) and although the only part of Market paved in front of her property was a strip 18 feet wide in the middle of the cartway, the municipal authorities assessed appellant's property on the basis of two-thirds of the entire cost of the improvement "at the same rate per foot front as the properties where the roadway had been paved to widths of 60 and 40 feet," viz., $6.77 per foot, with interest from the date of the completion of the work, and an attorney's commission of 5 per cent, or a total

assessment of $951.21. The municipal claim, subsequently filed, recites that the "kind and character of the improvement for which [it] is filed is the grading, curbing and paving of the street or cartway of Market Street, between the north side of Coxe's Creek and the north side of Somerset Avenue."

To the scire facias, issued upon the claim, appellant interposed two defenses: First, that her property was rural and therefore not subject to assessment by the foot front rule; and second, that the amount of the assessment was in excess of her legal liability because, inter alia, no curbing had been constructed in front of, or near, her property although the ordinance, contract and claim all specified curbing as a part of the improvement.

The learned trial judge, REED, P. J., specially presiding, properly submitted her first contention as a question of fact to the jury (City of Phila. to Use v. Brady, 104 Pa. Superior Ct. 79, and cases there cited); that tribunal found by its verdict that appellant's property was urban and that question passed out of the case; as to the second, the trial judge held it was a question of law and instructed the jury that if they found appellant's property was town property they should render a verdict in favor of the plaintiff for the full amount of the claim.

The court had been requested, but refused, to charge on behalf of defendant as follows: "Inasmuch as the ordinance provided for the curbing of this entire street, and since it is an admitted fact that no curbing was placed on the street for a distance of about 1150 feet, that is between Broadway Street and Somerset Avenue, there could be no verdict in favor of the plaintiff and against the defendant for the cost of curbing in front of her property." Motions for a new trial and for judgment n. o. v. were filed and denied and the property owner appealed from the judgment entered on the verdict. In an able opinion supporting his dis-

position of the case the trial judge, although recognizing the apparent injustice of making appellant pay the same rate per foot front as was charged against the property owners living along the two blocks which were fully paved and curbed, felt constrained, under the construction placed by him upon the authorities, to sustain the theory of the municipality.

We are unable to agree with his conclusion; there is a dividing line between lawful taxation and confiscation and in our opinion that line has been crossed in this case. It is, perhaps, impossible to define by any general statement the limitation upon the power of municipal corporations to assess the cost of public improvements upon the owners of abutting properties, but there is a limitation and the facts appearing in each case, as it arises, must determine upon which side of the line it falls. Assessments of the nature here involved are a species of taxation (Hammett v. Philadelphia, 65 Pa. 146, 150) and as has been said by this court in Harrisburg v. McPherran, 14 Pa. Superior Ct. 473, 489, "It is undisputed that the legislature may, in the exercise of the power of taxation, authorize municipal corporations to assess the cost of such improvement upon abutting properties, but their power is not without limitations. It has been held repeatedly by our Supreme Court that such assessments are sustainable only on the basis of special benefit, and the limit of the benefit is the limit of the taxing power. When this limit is exceeded, the assessment is not taxation, but confiscation, and, in many instances, such assessments have been declared invalid because this principle was violated."

On the other hand, it is equally well settled that the foot front rule has its foundation "not in uniformity of value, but in uniformity of benefit." These general principles are thus conceded by counsel for appellant in the opening paragraph of their argument: "The right of the legislature to empower boroughs by ordi-

nance to grade, curb and pave streets, and assess the cost thereof according to the foot front rule, is not questioned, nor do we contend that where the ordinance provides for the improvement of a street, each section of the street must be improved in all particulars like every other section along the line of the improvement." They then proceed to emphasize the special facts which they contend take this case out of the general rule.

We do not agree with certain parts of their argument, but think this appellant is justified in her general contention that she has not received the benefits contemplated by the ordinance, provided for in the contract and represented in the lien as having been conferred. The borough has not fully performed its part of the undertaking and is not entitled to recover the full amount of this assessment. In our opinion, the dividing line in this case is at Broadway Street where the curbing and paving of Market Street, substantially to its full width, ended, and we may illustrate our conception of the applicability of the authorities cited on both sides, and by the court below, by reference to the contrasting conditions existing in the blocks north and south of Broadway.

The principles announced in such cases as Scranton v. Koehler, 200 Pa. 126, in which a portion of the pavement for which the municipality endeavored to collect an assessment had been paid for by a street railway company, and Ebensburg Borough v. Little, 28 Pa. Superior Ct. 469, in which a street had been paved in front of certain properties to a width of 30 feet and in front of others to a width of 40 feet, would have been applicable if a property owner whose property abutted upon the block between Main and Broadway Streets—where the cartway was paved with a 20 foot strip of pavement on each side leaving a grass plot of 20 feet between—had questioned the legality of his assessment. But, under the facts here present,

we think the opposing principles, stated in such cases as Witman et al. v. City of Reading, 169 Pa. 375, and Park Avenue Sewers, Ibid. 433, in which properties abutting upon small sewers were assessed not only with the cost thereof but also with a portion of the cost of larger sewers in front of other properties and in which such assessments were held to be invalid, should be considered as applicable to the properties, including appellant's, abutting upon the two blocks north of Broadway.

Of course the question of the width to be paved north of Broadway and whether any curbing should be installed along that portion of the improvement were primarily and exclusively for determination by the borough, but, having there made improvements differing materially in character and cost from those south of Broadway and having omitted an item specifically provided for in the ordinance and contract, it cannot now successfully assert that appellant is legally liable to an assessment at the same rate per foot front as that charged against property owners whose properties abut upon the blocks south of Broadway.

We are not now concerned with the question whether appellant would be liable to a further assessment if the borough should hereafter decide to install the omitted curbing (Phila. v. Evans, 139 Pa. 483; Alcorn v. The City of Phila., 112 Pa. 494); the property owners abutting upon the block between Broadway and Main, where the vacant strip was left in the middle of the cartway, would be in practically the same position upon this question. The only significance we attach to the fact that appellant did not sign the petition for the improvement is that she is not estopped, as was the property owner in Ebensburg Borough v. Little, supra, to assert that the mode of assessment here adopted is invalid. As we view this case, there is a lack of uniformity of benefit and the property in question is not in the same general situation as are

the properties in front of which curbing was installed and the cartway paved to a width of at least forty feet.

Appellant, however, is not entitled to judgment in her favor, upon the whole record, because the borough is entitled to assess, under the foot front rule, against appellant and other property owners along the improved portion of Market north of Broadway two-thirds of the cost of the improvement made upon that portion of the street. It is true that the cost of curbing was not made a separate item in the contract, but the curbing which was installed was placed, charged and paid for under the unit price of $3.58 for each square yard of concrete. It is, therefore, quite possible to ascertain the cost of the improvements made upon Market, north of Broadway, as compared with the greater cost of those made south of Broadway. We, accordingly, sustain the fourth assignment of error, based upon the instruction to the jury to return a verdict for the plaintiff in the full amount of the claim if they concluded appellant's property was town property. Appellant's motion for a new trial should have been granted to the extent of awarding a new trial upon the question of the cost of such improvements as were actually made on Market Street, north of Broadway, to the end that the borough may not recover from appellant more than her proportionate share of such cost.

The judgment is reversed with a venire.