## Scranton City, Appellant, *v.* Sturges:

*Municipalities—Road law—Cost of repairing—Assumpsit—Act of May 23, 1889, P. L. 326.*

Under the Act of May 23, 1889, P. L. 326, a city of the third class cannot maintain an action of assumpsit against a landowner to recover the cost of paving a street.

A city cannot recover from a landowner the cost of repairing a pavement, once it has been laid.

Argued Feb. 24, 1902. Appeal, No. 290, Jan. T., 1901, by plaintiff, from order of C. P. Lackawanna Co., Nov. T., 1899, No. 748, refusing to take off nonsuit in case of City of Scranton v. E. B. Sturges. Before McCollum, C. J., Mitchell, Dean, Brown and Mestrezat, JJ. Affirmed.

Assumpsit to recover the cost of repairing a street.

The court entered a compulsory nonsuit which it subsequently refused to take off, Carpenter, J., filing the following opinion :

One of the reasons given in the motion for a nonsuit in this case was the following :

The ordinance and contract in this case, providing as they do that the assessment upon the abutting properties shall cover not only the original cost of the pavement, but the keeping of the same in repair against ordinary wear and tear for the period of five years, and there being no evidence from which the cost of such repairs can be separated from the cost of the original improvement, and the charge against the property owners for such repairs being illegal and unauthorized, no part of the assessment can be collected.

The provision of the contract relating to repairs is as follows :

" It is further provided and agreed that the said contractor shall keep said pavement in good repair to the satisfaction of the street commissioner for a period of five years from the completion thereof. Such repairs to include all breaking of the pavement for gas or water or sewer purposes, as well as the ordinary wear and tear so far as the city is concerned, but the said company may collect from the gas and water company, **or**

any property owner, the cost of making repairs when breakages are repaired for their convenience.   The cost of such repairs is not to excel $2.62 per square yard."

The question involved here has been decided by the former president judge of this court in the case of City of Williamsport v. Hughes, 7 Lack. Legal News, 67, in an opinion which covers the entire ground, and which is so well supported by the cases cited from the courts of several states, that we have no hesitation in following it.

The provisions for repairs were substantially the same in the two cases, except that in the Williamsport case the contractor was to keep the pavement in repair for ten years, whereas, in this case, it was but five ; but in several of the cases cited the time was five years.   And the principle is the same in any event.

The provision is not in the nature of a guaranty that the work will be well done ; that is provided for in the specifications, which prescribed in detail the kind and quality of material which shall be used, also the manner in which the work shall be done ; but, having done the work in accordance with the specifications, they were also to keep the pavement in repair for five years, these repairs to include the ordinary wear and tear, and to be without expense to the city, thus imposing upon the abutting property owners the additional burden of repairing the pavement for the period mentioned, the expense of which was presumably estimated and taken into account by the contractor in fixing the price for which the pavement would be laid.

That the property owner cannot be required to bear the expense of repairing the pavement, once it is laid, is settled in this state : Williamsport v. Beck, 128 Pa. 147.

Believing that the plaintiff was not entitled to recover for the reason above mentioned, we deem it unnecessary to consider the other reasons embraced in the motion for nonsuit.

The rule to take off the nonsuit is discharged.

*Error assigned* was refusal to take off nonsuit.

*George M. Watson*, city solicitor, and *C. Comegys*, with them *Walter S. Bevan*, for appellant.

*Thomas F. Wells*, with him *James H. Torrey* and *James G. Sanderson*, for appellee.

PER CURIAM, March 24, 1902:

In 1890, by proper proceedings the city of Scranton determined to pave Washington avenue with sheet asphalt, and thereupon made a contract with the Trinidad Asphalt Company to put down the pavement. But the contract, in addition to the laying of the pavement according to plans and specifications for work and materials, included this further stipulation : " Said repairs to include all breaking of pavement for gas, water and sewer purposes, as well as the ordinary wear and tear so far as the city is concerned for a period of five years." Before the expiration of five years, the pavement, apparently being of poor quality, became broken and in places impassable. The defendant was a lot owner fronting on the street whereon the new pavement was laid and had joined with others in the petition to councils to adopt and construct the asphalt pavement. The ordinance under which the contract was made provided, that abutting property owners should be assessed, not only for the original cost of the pavement, but for repairs thereto within the five years. The defendant paid his assessment of the original cost but refused to pay for repairs ; before the expiration of the five years, the city for the benefit of the contractor brought this suit in assumpsit against defendant to recover his ratable portion of the cost of those repairs.

The first question is, will assumpsit lie for such a claim even if it be well founded on a legal demand? No such remedy is given by the act of May 23, 1889, as argued. That act by any fair interpretation, bases the right of recovery on a lien filed; scire facias thereon will result in a general judgment by the terms of the act, but a general judgment cannot be obtained on an unregistered claim by the common-law action of assumpsit. And so we held in McKeesport Boro. v. Fiddler, 147 Pa. 532, " An assessment by a municipality for paving a street is a tax and cannot be collected as an ordinary debt by a common-law action unless such remedy is given by statute. . . . There can be no recovery in assumpsit for an assessment without clear legislative authority."

But besides this fatal objection to the form of action, the

concise and clear opinion of the learned judge of the court below, both on reason and authority, demonstrates, that the property owner cannot be required to bear the expense of repairing the pavement, once it has been laid.   Therefore, the judgment is affirmed.