## Scranton City, Appellant, v. Robertson.

*Municipal liens—Paving assessments—Registration—Assumpsit—Act of May 23, 1889, P. L. 277.*

An action of assumpsit cannot be maintained by a city to recover a paving assessment for which no specification of claim has been previously filed and entered as provided in section 21, article 15, of the Act of May 23, 1889, P. L. 277.

Argued Jan. 16, 1905. Appeal, No. 47, Jan. T., 1905, by plaintiff, from judgment of C. P. Lackawanna Co., Nov. T., 1901, No. 596, on demurrer to statement in case of City of Scranton v. N. G. Robertson. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Demurrer to statement.

NEWCOMB, J., filed the following opinion:

This action is assumpsit on a claim for a paving assessment. The demurrer attacks the statement on three specific grounds, viz.: That it sets forth (1) no copy of the ordinance; (2) no copy of the assessment, both of which are therein referred to; and (3) that assumpsit will not lie on the cause of action as stated. After the demurrer was filed, at the request of the city, leave was granted to amend its statement by adding a copy of the ordinance. The statement was thus perfected in that respect, and the controversy reduced to the questions raised by the other two reasons.

The learned counsel for the city relies on the case of Franklin v. Hancock, 204 Pa. 110, as authority for his contention that assumpsit is an appropriate remedy for the recovery of

such assessment.    An examination of that case shows that the right to sue in assumpsit was there rested on the fact that by the schedule of assessments it was made to appear that there was a personal assessment against the owner as well as an assessment against the lot, which was held to be in accordance with the intent of the act there under consideration, viz.: the Act of May 18, 1871, P. L. 896, conferring upon the city of Franklin the power to make the assessments in that way; for the court says, " It was clearly the legislative intent that the assessments authorized by the act should be against both the property and the owner."

This, then, brings into view the force of the second ground of demurrer, i. e., the absence of any copy of the alleged assessment.    We take that to mean " schedule of assessment."    If that were exhibited it would appear whether the assessment alleged is personal against the defendant or merely against the lands described in the statement.    The question is not answered by reference to the declaration.    All that is there said is the other way.    It avers that " in pursuance of said ordinance an assessment was regularly and lawfully made against the defendant's property," etc., " in the manner provided by law."    If, therefore, as is contended by the city, the provisions of the act of 1871 relating to the city of Franklin are essentially the same as those of sec. 22, art. 15, Act of May 23, 1889, P. L. 277, relating to the government of third-class cities, under which the assessment in question here was made, it follows that the declaration is defective in a material particular and fails to disclose a cause of action.

But passing that and. conceding that the act of 1889 confers upon the city power to collect a paving assessment by a common-law action, it is to be noted that the section relied upon does n't purport to subject the assessment to that remedy unless it has been registered.    Accordingly in Scranton v. Sturges, 202 Pa. 182, the Supreme Court said, " That Act " (May 23, 1889), " by any fair interpretation bases the right of recovery on a lien filed; scire facias thereon will result in a general judgment by the terms of the act, but a general judgment cannot be obtained on an unregistered claim by the common-law action of assumpsit."    Registration being essential to the maintenance of the action, it would necessarily have to be proven upon the trial as

an element of the city's case.    If necessary to be proven it must be averred, in order that the declaration show a cause of action. There is no such averment here.    Neither is there anything to show the fact by intendment.    The declaration is entirely silent on the subject of registration.    Hence, we feel constrained to hold that both the second and third grounds of demurrer are well taken, and inasmuch as the city has formally joined issue on the demurrer we are required to enter final judgment at this time.

The only other cause assigned for demurrer is the general objection that assumpsit will not lie in any event to recover a municipal assessment.    We are not prepared to say that that is now an open question, but we do not undertake to pass upon it now in this case.

The demurrer is sustained and judgment thereon directed to be entered in favor of the defendant.

*Error assigned* was the judgment of the court.

*David J. Davis*, city solicitor, and *A. A. Vosburg*, with them, *H. R. VanDeusen*, assistant city solicitor, for appellant.

*Charles H. Welles*, of *Welles & Torrey*, for appellee.

OPINION BY RICE, P. J., April 17, 1905:

This action of assumpsit was brought to recover the unpaid part of a paving assessment for which no specification of claim had been previously filed and entered as provided in section 21, article 15 of the Act of May 23, 1889, P. L. 277.    The learned judge below in a clear and satisfactory opinion, which covers all the points suggested in the argument of the appellant's counsel, held that the action would not lie, because the claim had not been registered as above provided.    He was of opinion that the question was authoritatively decided in Scranton v. Sturges, 202 Pa. 182, and we see no escape from that conclusion.    Speaking of the act of 1889 the Supreme Court said:    " That act by any fair interpretation, bases the right of recovery on a lien filed ; scire facias thereon will result in a general judgment by the terms of the act, but a general judgment cannot be obtained on an unregistered claim by

the common-law action of assumpsit." The learned counsel are mistaken in the assumption that Scranton v. Sturges was practically overruled by Franklin v. Hancock, 204 Pa. 110, affirming our judgment in the same case reported in 18 Pa. Superior Ct. 398. The decision in the last cited case was based on a construction of the local act of 1871, which contains no words indicative of a legislative intent to make the previous filing or registration of the claim a condition precedent to bringing an action at law to recover an assessment duly made, not only against the land benefited, but also against the owner. A comparison of that act with section 22, article 15 of the act of 1889, upon the construction of which the earlier case was decided, will show that the two decisions are entirely reconcilable. Scranton v. Sturges was not even mentioned in Franklin v. Hancock, nor was any principle enunciated in the later case which affects in any way the construction previously given to the act of 1889. It was considered and distinguished in Williamsport v. Hughes, 21 Pa. Superior Ct. 443, but so far as the precise question presented in the case at bar is concerned it is a conclusive and binding authority.

Judgment affirmed.