Philadelphia, to use, *v*. Egolf, Appellant.

Argued January 4, 1934. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*I. Emanuel Sauder,* for appellant.—The Act of April 17, 1929, P. L. 527, section 2071, gives the city the right to collect a municipal claim by an action in assumpsit, but the benefit of this act does not inure to the contractor or to a third person to whom the assessment bills may have been assigned. The remedy of the contractor or his assignee is limited to an action on the lien directed against the land itself.

Statutes are not presumed to make any change in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provisions: Gratz v. Ins. Co., 282 Pa. 224; Devers v. Scranton City, 308 Pa. 13; Phila. v. DeArmond, 63 Pa. Superior Ct. 436.

*William Ginsburg,* for appellee.—The Act of April 17, 1929, P. L. 527, enures to the benefit of a municipality and its contractors who may institute suit in its name to the use: Phila. v. DeArmond, 63 Pa. Superior Ct. 436; Phila. v. DeHaven, 38 Pa. Superior Ct. 541; Hagemann's App., 88 Pa. 21.

OPINION BY MR. JUSTICE MAXEY, March 19, 1934:

This is an action of assumpsit by the Northern Paving and Construction Company (hereinafter called the company), in the name of the City of Philadelphia, to the company's use, under the Act of April 17, 1929, P. L. 527, to recover the amount of certain judgments entered against registered owners of abutting properties, upon municipal liens for paving and curbing.

The company was the assignee of the Montgomery Paving Company (hereinafter called Montgomery),

which was the contractor for the City of Philadelphia in curbing and paving in front of certain properties on Cheltenham and Summerdale Avenues in the 35th Ward of Philadelphia. City assessments followed this work and the city paid the company with the assessment bills. Montgomery assigned them to the company. The latter filed municipal liens against the land described, issued writs of sci. fa., obtained judgment and assessed damages. The above entitled action followed to recover the amount of these judgments.

Defendant first filed an affidavit of defense raising questions of law, setting forth, inter alia, that the Act of April 17, 1929, supra, was available to the City of Philadelphia but not to the use-plaintiff. These questions were decided adversely to defendant with leave to file an affidavit of defense to the merits. Defendant did so. He admitted that the realty was registered in his name at the time it was assessed but he claimed that he was a mere dry trustee holding title for another and that the use-plaintiff knew this fact prior to the suit. A rule was taken for judgment for want of a sufficient affidavit of defense. The rule was made absolute and judgment was entered in the amount of the original assessment. This appeal followed.

Three questions were raised. It is necessary to decide only one of them, to wit, whether the Act of April 17, 1929, supra, under which this action of assumpsit was brought and which act confers upon municipalities the right to sue in assumpsit for the recovery of municipal claims for improvements gives the same right to contractors or a third person to whom the assessment bills had been assigned. The court below answered this question affirmatively. This is error.

Section 1 of the above act reads as follows: "In addition to the remedies provided by law for the filing of liens for the collection of municipal claims, all cities, boroughs, incorporated towns, and first class townships may proceed for the recovery and collection of municipal

claims by action of assumpsit against the person or persons who were the owner or owners of the property at the time of the completion of the improvement, notwithstanding the fact that there was a failure on the part of any such city, borough, town or township, or its agents, to enter any such municipal claim as a lien against the property assessed for the improvement, and for the recovery of which the action of assumpsit was brought. Any such action in assumpsit shall be commenced within three years after the completion of the improvement from which said claim arises."

This act gives the municipality the right to proceed in assumpsit for the recovery and collection of a municipal claim against the person who was the owner of the property at the time of the completion of the improvement. If this claim were an ordinary chose-in-action or debt, upon which the municipality could have proceeded in a common law action, it would be of no concern of the debtor that the debt had been assigned or that the action was brought to the use of another: 5 C. J. 979, section 173. But the claim before us could not be recovered in a common law action, not even on an implied promise to pay. There can be no recovery in such a case without a clear legislative authority: McKeesport Boro. v. Fidler, 147 Pa. 532, 23 A. 799; Scranton City v. Sturges, 202 Pa. 182, 51 A. 764. It required statutory authority to subject even the property to a municipal assessment: Act of April 23, 1829, P. L. 302, 3 Purdon's Digest (13th edition) 2674. Since the municipal assessment could not be recovered in a common law action without statutory authority, the legislature by the Act of April 4, 1907, P. L. 40, provided a remedy by authorizing municipalities to proceed for the recovery or collection of any municipal claim by action of assumpsit. This act was followed by the Act of July 8, 1919, P. L. 786, which reënacted the remedy of municipalities against owners, provided the municipal claim was a valid lien against the property prior to the action in assumpsit.

But the Act of 1929 gives the municipality a right of action in assumpsit against the person who was the owner at the time of the completion of the improvement even though there was a failure on its part to enter such a claim as a lien against the property assessed for the improvement. By such a series of statutes the personal liability of the owner to the municipality for such claims was fixed. These statutes fix the rights and liabilities of the parties: Barnesboro Boro. v. Speice, 40 Pa. Superior Ct. 609; Boro. of Youngwood v. Gay, 71 Pa. Superior Ct. 154, 156. This is clearly in derogation of the common law, and it is frankly admitted to be so by counsel for the appellee in his brief where he says "at common law there could be no redress against the owner of realty in the present action for the improvements to his properties, performed at the instance of a municipality. In order to permit the exercise on the part of the governmental authority to proceed with the enforcement of payment against a realty owner for such an improvement, legislation was enacted from time to time." The Act of 1929 being in derogation of the common law must be construed strictly. This court said in Devers v. City of Scranton, 308 Pa. 13, 17, 161 A. 540, that "in construing a statute which changes or is in derogation of the common law, the letter of the act is to be strictly considered." Applying this canon of construction, we must hold that the statutory remedy now under our review is available only to "all cities, boroughs, incorporated towns and first class townships." The legislature must be regarded as meaning what it has plainly expressed. The court's duty is to expound the law as it stands: Orlosky v. Haskell, 304 Pa. 57, 62; 155 A. 112. We have no warrant for writing into the Act of 1929 an investiture, by the assignment pleaded, in this assignee, or in any class of persons or bodies corporate other than those municipal bodies specifically named in the act, with the right of an action in assumpsit in the name of a munic-

ipality against the owners of property improved by that municipality, as above stated.

The legislature has provided for the procedure for the collection of municipal claims by the contractor performing the work, who is to be paid by assessment bills and for the third party who receives an assignment of the claim or the judgment recovered thereon: Municipal Lien Act of May 16, 1923, P. L. 207, 53 P. S. 371. Section 4 of this act provides as follows: "...... When the contractor performing the work is to be paid by assessment bills, the lien shall exist for, and the claim shall be filed to, his use, and he shall under no circumstances have recourse to the municipality authorizing the work." Section 33 (page 209) of this same act provides as follows: "Any claim filed, or to be filed, under the provisions of this act, and any judgment recovered thereon, may be assigned or transferred to a third party, either absolutely or as collateral security and such assignee shall have all the rights of the original holder thereof." By this act their respective remedies are limited to an action in rem against the property benefited by the improvement. If the legislature intended to enlarge their remedies to actions in personam or to permit the municipalities to do so in any manner it could have said so in language as clear and explicit as the words of the legislature in the Act of 1929 conferring them exclusively on the municipalities.

Deciding as we do that the Act of April 17, 1929, does not confer upon the contractor or third person to whom or to which the assessment bills have been assigned, the same right to sue in assumpsit as the assignor municipality possesses, we reverse the judgment of the court below and here enter

Judgment for the defendant.