## City of Philadelphia v. Sley System Garages

*Abraham L. Shapiro, Abraham Wernick* and *Francis F. Burch,* for plaintiff.

*David J. Smyth, Marshall A. Coyne* and *Gustave F. Straub,* for defendant.

SLOANE, J., August 12, 1940.—An ordinance of Philadelphia imposes a tax of 10 percent on the "gross receipts from all transactions in or for the parking of automobiles or motor vehicles in open parking lots in the City of Philadelphia": Ordinances and City Solicitor's Opinions of 1937, p. 391. The ordinance was declared valid by our Supreme Court: Philadelphia v. Samuels, 338 Pa. 321.

The city now brings this equity proceeding and asks us to enjoin and restrain defendant, an open parking lot operator, from operating such lots until the tax imposed by the ordinance is paid. This is the primary prayer of the city's bill, and the assistant city solicitor, with proper candor, admits that the purpose is to compel payment of the tax. We are asked, also, to compel defendant to file monthly returns showing taxable transactions and to compel defendant to permit the city's representatives to examine defendant's books and records.

Defendant filed an answer. The city raised preliminary objections. This is the pause in the proceedings where we are asked to make decision.

In a word, defendant by its answer contends that the ordinance is unconstitutional for reasons not considered by the Supreme Court in the Samuels case, and that, at any rate, plaintiff has an adequate remedy at law. Defendant does not deny that it has failed to pay the tax or make returns, but avers that it was ready and willing to make returns if it was not discriminated against. (We do not understand the proviso, for the question of discrimination does not and should not appear.) Defendant does deny that it has refused access to its books to agents of the bureau of highways and avers that it is ready and willing to permit an examination of its books by the bureau of highways.

The city filed preliminary objections to the answer on the ground that defendant has alleged no facts constituting a defense.

Although defendant's answer is for the most part a discussion of legal questions, more properly raised by preliminary objections, the question of whether the city is entitled to an injunction restraining defendant from operating its parking lots until the tax is paid is squarely before us. Or to put it more fundamentally: Can the city come into equity to enforce payment of the tax?

We conclude that the city cannot.

The ordinance provides in section 4: "All such taxes shall be recoverable by the City Solicitor as other debts of like amount are now by law recoverable." The city should proceed to recover, as other debts are now by law recoverable; namely, in assumpsit. See Franklin v. Hancock, 18 Pa. Superior Ct. 398, 405, affirmed per curiam, 204 Pa. 110, and the Act of May 25, 1887, P. L. 271, sec. 1, 12 PS §1. The method and form given and outlined by the ordinance for the collection of taxes is exclusive.

"All taxation is statutory, and, while it is the duty of every citizen to bear his just proportion of the burden of supporting national, state and local government, he cannot be compelled to do so except in a way provided by a statute. Liability to pay taxes arises from no contractual

relation between the taxable and the taxing power, and cannot be enforced by common-law proceedings unless a statute so provides. *They can be collected in no other way than that pointed out by the statute, and cannot be collected until they have first been assessed according to the statute"*: Schmuck v. Hartman, 222 Pa. 190, 195 (italics supplied) ; McKeesport Borough v. Fidler, 147 Pa. 532; Derry Township School Dist. v. Barnett Coal Co. et al., 332 Pa. 174, 177, 178; Leopold Tax Assessment Case, 118 Pa. Superior Ct. 158.

The courts can enforce the ordinance only as council directed it to be enforced: Cf. Philadelphia, to use, v. Egolf, 314 Pa. 216. Council has told the city solicitor what to do to collect the tax. Council not having provided for injunction against operation until the tax is paid, we cannot afford the city that method, though indeed we appreciate and commend the city solicitor's effort to effectuate the ordinance.

This to us is plain, for we keep before us the basis of taxation. Men pay and should pay for the support of our government. (See the apt expressions of Mr. Justice Maxey in Y. M. C. A. of Germantown v. Philadelphia, 323 Pa. 401, 413.) But, generally, what the citizen pays for community upkeep and how he pays, or how he shall be made to pay, is for those whom we select to govern, subject, of course to constitutional requirements and limitations. The legislating body is given an ample margin of opportunity and discretion. This has been said often and in various ways—so often, that the words are familiar enough to make me feel guilty of too much repetition of a central thesis. Appropriate language might be quoted from New Jersey v. Anderson, 203 U. S. 483, 493:

"The form of the collection of taxes is left to the discretion of the taxing power; sometimes a lien is provided, sometimes a summary method of collection is awarded; in other cases, an action for debt is given, and, as in the present case, with the right of prohibition of the exercise of corporate franchises by injunction for failure to pay."

The city solicitor cites the case of Chevra Achewa Chesed Anshe Cheval v. Philadelphia et al., 116 Pa. Superior Ct. 101, in support of the attempt to use an equity forum for tax collection, but "Care must be used to distinguish between the cases which are brought within the terms of the proposed statutory remedy and those cases where the authorities step out of the proposed power and do an illegal act or one which they had no authority to perform": White et al. v. Old York Road Country Club et al., 318 Pa. 346, 352; and "Equity has jurisdiction to restrain attempted taxation for total want of power to tax": Dougherty, Trustee, v. Philadelphia et al., 314 Pa. 298, 301. The Chevra case was not an attempt by the city to collect city and school taxes through an equity proceeding. To the clear contrary, the case was a bill in equity to *enjoin the authorities* from collection of such taxes.

The city does not point to, nor contend for, any other recognized ground for injunctive relief. It is not alleged that defendant maintains a nuisance, for example. Nor is it shown that the remedy at law provided in the ordinance is inadequate or fruitless.

It is true that this tax is an excise or privilege tax, sometimes called a license tax, and that "the validity of the transaction is conditioned on the operator's setting aside for the city the tax imposed as one of the conditions of conducting the transaction within the city limits": Philadelphia v. Samuels, supra, p. 326. But nothing is required to be done by a parking lot operator before he enters into the transaction. The ordinance does not provide for the issuance of a license to do business, nor does it make the doing of such business without the issuance of a license illegal or a nuisance. The ordinance does grant the power of revoking "city permits" to maintain parking lots to the director of public works. But what these permits are is not mentioned, and there is no other ordinance providing for the issuance of parking lot permits.

Although there is a distinction between a license required under the police power for regulatory purposes and the imposition of a tax for the privilege of conducting a certain business or occupation, in neither situation in this State are equitable remedies available in the absence of statutory authorization or a showing of an independent and well-recognized ground for equitable relief: Derry Township School Dist. v. Barnett Coal Co. et al., supra.

The city asks us to say that the prayers to compel defendant to file reports and to open its books for inspection are sufficient grounds for equitable jurisdiction, and with that foundation wants us to build higher and say that equity, having jurisdiction, may exercise it over the entire matter to the extent of granting complete relief. But this attempt to gain access to the books of defendant is in the nature of a bill of discovery.

" 'The legitimate function of discovery is to furnish evidence; it is not the source of jurisdiction. Discovery cannot extend equitable jurisdiction to causes otherwise cognizable solely at law': Williams v. Finlaw, Mueller & Co., 292 Pa. 244, 248": O'Donnell v. Morris Run Coal Mining Co., 319 Pa. 293, 297.

Moreover, though we may have jurisdiction to require defendant to permit an examination of its books, we cannot at the same time create a forum for tax collection not designated by the legislating body.

Defendant in its answer denies refusal of examination by the city of defendant's books and records, and avers willingness to permit such examination. And defendant's counsel at argument and in conference reiterated that willingness. That being so, we see no need for a compelling order on that score.

Also, we see no need presently for an order compelling returns by defendant, assuming our authority to make such order. For the city is empowered by the ordinance to make its own assessment from defendant's books and records and penalize defendant for its acts of omission by "a penalty of 50 percent" of the city's assessment. Coun-

cil by this provision considered possible delays and avoidance, and the city should act accordingly and follow the ordinance: Schmuck v. Hartman, supra.

The preliminary objections are dismissed.

NOTE.—We, of course, do not here determine whether the penalty is proper or excessive.