**In re Hester CARLYLE, Debtor.**

**Hester CARLYLE, Plaintiff,**

v.

**CITY OF PHILADELPHIA WATER REVENUE BUREAU, Defendant.**

**In re Jay & Cass GRAFFEN, Debtors.**

**Jay & Cass GRAFFEN, Plaintiffs,**

v.

**CITY OF PHILADELPHIA WATER REVENUE BUREAU, Defendant.**

**Bankruptcy Nos. 88–12060S, 88–12630S. Adv. Nos. 89–0132, 89–0218S.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 24, 1989.

218

Edward Sparkman, Philadelphia, Pa., Standing Chapter 13 Trustee.

David A. Searles, Community Legal Services, Inc., Philadelphia, Pa., for both plaintiffs-debtors.

Cynthia E. White, Chief Asst. City Sol., Philadelphia, Pa., for defendant.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

Before us are two adversary proceedings, consolidated for disposition by the agreement of common counsel, in which the respective Debtors attack the validity of water and sewer liens which the City of Philadelphia (hereinafter "the City") has entered against their respective residences pursuant to 11 U.S.C. §§ 545(2) and 544(a)(3). The parties are well aware of the decisions of both judges of this court sitting in Philadelphia upholding such challenges, *In re McLean, McLean v. City of Philadelphia Dep't of Water Revenue*, 97 B.R. 789 (Bankr.E.D.Pa.1989); and *In re Aikens*, 94 B.R. 869 (Bankr.E.D.Pa.1989) (hereinafter referred to as *"Aikens III"*). Appeals of these decisions, at C.A. Nos. 89–3026 and 89–1547, respectively, have been consolidated before District Judge Charles R. Weiner, to whom we are sending a courtesy copy of this Memorandum, as they are unresolved at present. The City claims a distinction between *McLean* and *Aikens* and these cases on the following grounds: (1) Both of these cases were filed *after* the City placed a sign in the Judgment Index Room advising the public that the water and sewer lien index was located in another room apart from the Judgment Index, rather than, as in *McLean*, at 791; slip op. at 3–4; and *Aikens III*, 94 B.R. at 871, 876–77, *before* the sign was posted;[1] and (2) If not a totally adequate response to the deficiencies in its recordation process, the sign constituted at least a *sufficient* notice by the City to any bona fide purchasers to "vitiate" the status of the trustee, in whose shoes the Debtors stand, to attack the liens under the holding in *McCannon v. Marston*, 679 F.2d 13, 15–17 (3d Cir.1982).

Since both proceedings were presented on stipulated facts and the foregoing argument of the City is the only contention presented by the City in these matters that was not presented and hence not addressed in *McLean* or *Aikens III*, we can effect a resolution of these proceedings by analyzing the holding of *McCannon* in light of

---

1. In fact, the City's installation of the sign occurred after our decision in the first of two unsuccessful attacks of the water and sewer lien by the *Aikens* debtor, in response to our warning that the City should amend its procedures if it wished to insulate itself against other attacks, *In re Aikens*, 83 B.R. 344, 347–48 (Bankr.E.D.Pa. 1988) (hereinafter *"Aikens I"*). We repeated that admonition in rejecting the second challenge by the *Aikens* debtor to the water and sewer lien, *In re Aikens*, 87 B.R. 350, 356 (Bank. E.D.Pa.1988) (hereinafter *"Aikens II"*). In our last decision, we delivered a further admonition to the City that we considered the posting of the sign to be an inadequate measure to rectify the deficiencies in the City's processes, *Aikens III*, 94 B.R. at 874–75, 876–77. The City has apparently not deemed it appropriate to take action in response to this warning.

the relevant portions of the Pennsylvania Municipal Claims Act, 53 P.S. § 7101, *et seq.* (hereinafter "the MCA").[2]

In *McCannon,* a Chapter 11 trustee attacked the validity of an unrecorded agreement for the sale of a condominium apartment in the debtor-hotel to a resident. 679 F.2d at 14–15. In reversing lower court decisions in favor of the trustee, Chief Judge Gibbons, writing for the court, held that, in determining the rights of the trustee under 11 U.S.C. § 544(a)(3), it must be determined whether, under applicable Pennsylvania state law, he was a bona fide purchaser "without notice" of the resident's claim. *Id.* at 16–17. He observed, *id.* at 16, that

> in Pennsylvania, clear and open possession of real property generally constitutes constructive notice to subsequent purchasers of the rights of the party in possession. Such possession, even in the absence of recording, obliges any prospective subsequent purchaser to inquire into the possessor's claimed interests, equitable or legal, in that property. *See, e.g., Kinch v. Fluke,* 311 Pa. 405, 166 A. 905 (1933); *Long John Silver, Inc. v. Fiore,* 255 Pa.Super. 183, 386 A.2d 569 (1978). Thus in Pennsylvania the rights of a subsequent purchaser do not take priority over those of one in clear and open possession of real property.

Therefore, Chief Judge Gibbons concluded that the resident's clear and open possession of the unit provided notice to the trustee of the resident's rights to the unit, and precluded the Trustee's successful invocation of § 544(a)(3) against her. *Id.* at 16–17.

The City apparently reads *McCannon* as holding that any situation in which a purported lienholder imparts a certain degree of constructive notice to the public at large may bar the trustee from asserting § 544(a)(3) to avoid a lien. We believe that such a reading would, however, be incorrect. On its facts, *McCannon* only applies to constructive notice of an interest in real property by means of a resident's actual possession. *Accord, In re R.A. Beck Builders, Inc.,* 66 B.R. 666, 670 (Bankr.W. D.Pa.1986) (display of "For Sale" sign may constitute constructive notice of the sellers' interest in real property). *Compare In re Cohoes Industrial Terminal, Inc.,* 70 B.R. 214, 222 (S.D.N.Y.1987) (trustee should be charged with knowledge only in a case of open possession or fraud in obtaining property); and *In re White Beauty View, Inc.,* 81 B.R. 290, 293 (Bankr.M.D.Pa.1988) (*McCannon* only establishes that actual possession of property is notice to the trustee).[3]

In its more general terms, *McCannon* stands for the principle that, if the applicable state law provides that a certain type of constructive notice is sufficient to put a bona fide purchaser on notice, provision of that constructive notice is sufficient to bar the trustee from invoking § 544(a)(3). *See In re Elin,* 20 B.R. 1012, 1019–21 (D.N.J. 1982), *aff'd,* 707 F.2d 1400 (3d Cir.1983) (purchaser chargeable under applicable New Jersey with notice of all matters affecting property); *In re Morse,* 30 B.R. 52, 54–56 (Bankr. 1st Cir.1983) (purchasers chargeable under applicable Maine law with any matter that they could have been ascertained by inquiry); *In re Hardway Restaurant, Inc.,* 31 B.R. 322, 329 (Bankr. S.D.N.Y.1983) (notice sufficient to bar a bona fide purchaser from avoiding an unrecorded conveyance under applicable New York law may arise from actual knowledge, constructive notice from records, or possession); *In re Richardson,* 23 B.R. 434, 439–40 (Bankr.D.Utah 1982) (constructive notice under applicable Utah law is sufficient to put bona fide purchaser on notice); and *In re Orsa Associates, Inc., Orsa Associates, Inc. v. MBA Financial,*

---

**2.** The City had previously cited *McCannon* in support of an argument that the knowledge of the *Aikens* debtor of the liens in question should be imputed to the Trustee. We rejected that argument in *Aikens III.* 94 B.R. at 875.

**3.** In *In re Fox,* 83 B.R. 290, 297–98 (Bankr.E.D. Pa.1988), we suggested that the *McCannon* result was also properly influenced by a disinclination of courts to displace individuals from their residences.

*Inc.,* 99 B.R. 609, 620–21 (Bankr.E.D.Pa. 1989) (deed which was improperly acknowledged and failed to include the grantee's address, in violation of Pennsylvania law, was nevertheless not subject to attack under applicable Pennsylvania law if it is accepted for recording). *Cf. In re Alberto,* 823 F.2d 712, 719 (3d Cir.1987) (substantial compliance with federal Ship Mortgage Act is sufficient to put creditors and lienors on notice and hence bars invocation of § 544(a)(3)).

On the other hand, where the applicable state law makes clear that strict conformity to a recording statute *is* necessary to constitute notice of a lien, then no act other than strict conformity with the statute in issue insulates the lien from attack by the trustee under § 544(a)(3). In such a case, the trustee can successfully attack any lien not recorded in strict conformity to the state recording laws. *See In re Ryan,* 851 F.2d 502, 505–12 (1st Cir.1988) (Vermont law requiring two witnesses to execute a deed is mandatory and a deed not so executed is subject to attack by the trustee); *In re Anderson,* 30 B.R. 995, 1000–08 (M.D.Tenn.1983) (creditors may avoid defectively acknowledged deed under applicable Tennessee law); and *In re Hurst,* 27 B.R. 740, 743–45 (Bankr.E.D.Tenn.1983) (unregistered instruments are void against creditors and bona fide purchasers under applicable Tennessee law). As the *Ryan* court points out, it may be appealing to conclude that strict fulfillment of a technical requirement for the recording of a deed may be overlooked in certain circumstances. 851 F.2d at 510. However, on the other hand, to systematically overlook a technical requirement may effectively remove the requirement from the applicable state law. *Id.*

We now turn to the issue of whether the MCA, the state law applicable here, must be strictly construed or may permissively construed in allowing deviation from its recording and notice requirements. The Supreme Court of Pennsylvania has consistently held that "[m]unicipal claims are creatures of . . . statutes" which, "being in derogation of the common law, as well as of private rights, must be strictly construed." *Philadelphia v. Cooper,* 212 Pa. 306, 308, 61 A. 926, 926–27 (1905). *Accord, Philadelphia v. Egolf,* 314 Pa. 216, 220, 171 A. 604, 605 (1934); and *Dickson City Borough v. Senkosky,* 162 Pa.Super. 612, 614–15, 60 A.2d 545, 546 (1948). *See also McLean, supra,* 97 B.R. at 795; *Aikens I,* 83 B.R. at 347; and 20 STANDARD PA. PRAC.2d, § 106:2, at 321 (1984).

Instructively, the City here has pointed to no Pennsylvania statute or case precedent holding that anything short of *strict* compliance with the MCA will suffice as constructive notice of satisfaction of its requirements. The holdings that the MCA is to be construed strictly against the municipalities seeking to invoke rights provided therein suggests strongly to the contrary.

Even more to the point, we note that Chief Judge Gibbons, the author of *McCannon,* also drafted the unanimous opinion of the Court of Appeals in *Ransom v. Marrazzo,* 848 F.2d 398 (3d Cir.1988). Therein, he stated that "improper indexing" of the City's water and sewer liens did not render the liens invalid *"except as against bona fide purchasers* and mortgagees to whom property is transferred prior to the perfection" (emphasis added). *Id.* at 405. This is a clear expression of the Court of Appeals that an improperly indexed lien is invalid as to a bona fide purchaser of the liened premises.

The City reminds us that the above passage from *Ransom* was not a "holding," but was dictum. We recognized that these statements were dictum in *Aikens III,* 94 B.R. at 874, but chose to follow them as "thoughtful, detailed analyses" of subject matter very relevant to our decision by the Third Circuit's pre-eminent jurist. In *Aikens II,* 87 B.R. at 352–53, 356, we followed the reasoning of *Ransom* in concluding, consistent with the position of the City, that the water and sewer lien in issue was not avoidable as a judicial lien. We continued to follow *Ransom* in our analysis of efforts to avoid the City's water and sewer liens qua statutory liens in *Aikens III.* 94 B.R. at 874. It seems to us that only the Court of Appeals, and certainly not this

court, is the appropriate body to determine that any statements in *Ransom* may be disregarded.

We concluded, in *Aikens III*, that the posting of the signs in issue was an inadequate response and that the City must record its liens in the judgment index itself or devise some other means of indexing its liens which is strictly in accordance with the MCA to prevent avoidance of its liens. 94 B.R. at 874–75, 876–77. We continue to hold that the posting of the sign was an inadequate attempt at compliance with the MCA, irrespective of whether it could be argued that the sign provides some measure of constructive notice of liens to bona fide purchasers. Since the applicable Pennsylvania state law requires strict compliance with its terms to prevent invalidation of liens allegedly entered pursuant to its terms, the reasoning of *McCannon* is therefore of little help to the City here.

We will therefore enter an Order granting judgments in these two proceedings in favor of the Plaintiff–Debtors and against the City.