**In re Leon BOOKER, Debtor,**

v.

**CITY OF PHILADELPHIA/WATER REVENUE BUREAU.**

Civ. A. No. 89–6393.
Bankruptcy No. 88–13061F.
Adv. No. 89–0103F.

United States District Court,
E.D. Pennsylvania.

Sept. 26, 1989.

Alan M. White, Community Legal Services, Philadelphia, Pa., for debtor.

Cynthia E. White, Deputy City Sol., Philadelphia, Pa., for the City of Philadelphia/Water Revenue Board.

## MEMORANDUM

WALDMAN, District Judge.

The City of Philadelphia, Water Revenue Bureau, has appealed from an order by the bankruptcy court avoiding the City's unperfected water/sewer lien pursuant to 11 U.S.C. §§ 545(2), 544(a)(3) and 522(h). For the reasons set forth below, this court will affirm.

The parties have agreed to the following facts by stipulation:

1. Leon Booker owns the home at 2954 N. 24th Street, Philadelphia, in his name only. The fair market value of the property is $13,000.00 and the balance due on the first mortgage is $7,200.00.

2. The Prothonotary of the Philadelphia Court of Common Pleas maintains a judgment index, recording all judgment liens, indexed by the last name of the defendant, in Room 268, City Hall, Philadelphia. At the time of Mr. Booker's bankruptcy petition, filed September 6, 1988, there were two signs above the door to Room 268, saying "Judgment Index" and "Locality Index."

3. At the time of the bankruptcy petition, the City of Philadelphia ("City") held a claim for delinquent water bills in the amount of $2,239.63.

4. The City's claim is secured by an in rem lien in the amount of $515.33, representing 1986 charges.

5. As of September 6, 1988 the judgment index in Room 268, City Hall did not include any entries under Mr. Booker's name reflecting in rem liens held by the City of Philadelphia for water/sewer charges.

6. The Prothonotary of the Philadelphia Court of Common Pleas maintains a municipal and mechanic's liens record open to the public in Room 262, City Hall. There is a sign above the door to Room 262 saying "Liens." However, Room 262 also contains paper bound indices labelled "Locality Index" and "Municipal & Mechanic's Lien Index." In Room 262 the public may consult bound paper indices labelled "Locality Index" and/or "Municipal and Mechanic's Lien Index" which cover liens up through the present year. Since 1982 the Prothonotary has made available in Room 262 computer terminals connected to the account records of the Water Revenue Bureau. Persons searching for water/sewer liens may, given either the property address or the owner's name, call up on the screen the record of all delinquent water/sewer charges for each calendar quarter until the present. On the account record for Mr. Booker for each year in which a lien was created, there appears a charge (either $5.00 or $10.00) for the imposition of the lien. After finding the lien charges on the computer terminal, a searcher may then look in the water/sewer lien book (a bound computer printout) for the appropriate year, at the appropriate address, to find the lien number.

7. On September 6, 1988 had inquiry been made of the Prothonotary regarding water/sewer liens at the subject property, the inquirer would have been referred to Room 262, City Hall.

8. The lien books which may be consulted by the public in Room 262 of City Hall contain lists of City water/sewer liens arranged by property address, with the streets arranged in alphabetic order and the address numbers in numerical order for each street. The lien asserted by the City against Mr. Booker is listed in the 1987 lien book, September Term, 1987 Number 64702.

9. There is one water/sewer lien book for each calendar year. In order to determine what water/sewer liens exist against Mr. Booker's home, an individual searching the records must look in each annual lien book separately, under Mr. Booker's property address.

10. There is no single index in Room 262 which sets forth the lien numbers for different years for the same property, by last name of the property owner. A search by name may be conducted from the Water Revenue Bureau account records available on the computer terminals in Room 262, to find the delinquent water/sewer charges, and the occurrences of $5.00 or $10.00 lien charges. The lien numbers may then be found in the annual lien printout books.

11. Prior to the filing of the debtor's bankruptcy petition, a sign was posted in Room 268 of Philadelphia City Hall advising the public that the water/sewer In Rem Judgment Index is located in Room 262.

12. The City notified the debtor at least 90 days prior to the filing of any water/sewer liens of its intention to do so if water/sewer bills remained unpaid. Thereafter, the requisite lien charge was noted on debtor's water bills.

In reviewing a bankruptcy court decision, the district court shall not set aside findings of fact unless they are clearly erroneous. However, the district court has the power of plenary review of the bankruptcy judge's conclusions of law. Bankr.Rule 8013; *In re Abbotts Dairies*, 788 F.2d 143, 147 (3d Cir.1986).

The facts of this case are essentially identical, in all respects but one, to those of *In re McLean*, 97 B.R. 789 (Bankr.E.D.Pa. 1989) and *In re Aikens*, 94 B.R. 869 (Bankr.E.D.Pa.1989), *aff'd*, 100 B.R. 729

(E.D.Pa.1989). In both of those cases, the City of Philadelphia's liens were avoided under § 545 because the liens were not properly perfected by recording in the Philadelphia Judgment Index.

The sole factual difference between this case and *McLean* and *Aikens* is that, here, the City had posted a sign in the Philadelphia Judgment Index Room (Room 268) advising the public that the water/sewer In Rem Judgment Index was in fact located in Room 262. The only issue before this court, then, is whether the posting of this sign properly perfected the lien or, alternatively, constituted sufficiently constructive notice to satisfy the requirements of state law concerning entry and perfection of water and sewer liens.

The pertinent state law in this regard is Pa.Stat.Ann. tit 53 § 7106(b), which provides:

> (b) With the exception of those claims which have been assigned, any municipal claim, including interest, penalty and costs, imposed by a city of the first class, shall be a lien only against the said property after the lien has been docketed by the prothonotary. The docketing of the lien shall be given the effect of a judgment against the said property only with respect to which the claim is filed as a lien. *The prothonotary shall enter the claim in the judgment index.* (emphasis added.)

The Third Circuit has recently held that Philadelphia is a "city of the first class" for purposes of this section, and that therefore the City must docket a water and sewer lien and have it recorded in the judgment index before the lien is perfected. *Ransom v. Marazzo*, 848 F.2d 398 (3d Cir.1988); *see also Aikens*, 94 B.R. at 873.

The court agrees with the bankruptcy court and other courts' findings that the summary nature by which municipal liens are created and enforced mandates strict construction of § 7106(b)'s requirements. *See Aikens*, 94 B.R. at 875; *In re Carlyle*, 100 B.R. 217 (Bankr.E.D.Pa.1989). The language of this section explicitly states that the City must first docket a wa-

ter/sewer claim, and second, have it recorded in the judgment index before it is considered perfected. The stipulated facts indicate that the City failed to enter its claim against the debtor Leon Booker in the judgment index. Thus, it is clear that the City's efforts constituted an inadequate attempt at compliance with § 7106(b), regardless of whether their posting certain signs and certain labels imparted some measure of constructive notice.

Finally, the City's reliance on §§ 546(b) and 550(d) is misplaced for exactly the same reasons given in *Aikens* and *McLean*. *See* 94 B.R. at 875–76; 100 B.R. at 733; 97 B.R. at 796–98.

Accordingly, the bankruptcy court's order will be affirmed.